PEOPLE *v.* STRUNK.

1. WITNESSES—EVIDENCE—TESTIMONY OF CHILD.
  Testimony of a child is given such credit as a jury deems it deserves (CLS 1961, § 600.2163).

2. CRIMINAL LAW—INSTRUCTIONS—CREDIBILITY TO BE GIVEN TESTIMONY.
  Instruction that witnesses are brought before jury, so that the jury may observe their demeanor, apparent age and intelligence, and that the credibility and weight to be given each witness is a question of fact for the jury, adequately advised the jury regarding the testimony of a child where defendant neither objected to the instruction given, nor requested a more specific instruction referring to the age and testimony of a 5-year-old child, the victim in prosecution for taking indecent liberties with a child (CLS 1961, §§ 600.2163, 750.336; GCR 1963, 516.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 129.
[2] 53 Am Jur, Trial §§ 599, 776, 779.
[3] 30 Am Jur 2d, Evidence § 1124; 33 Am Jur, Lewdness, Indecency and Obscenity § 20.
[4] 30 Am Jur 2d, Evidence § 1082.

3. Same—Indecent Liberties with Child—Evidence.

Evidence given on trial of defendant for taking indecent liberties with a 5-year-old girl *held*, sufficient to sustain conviction, where it was based on testimony of the 5-year-old, her mother, and a doctor who had examined the child and testified that he found injury to her genitalia which could have been caused by a hand or finger or by the child inserting some object, the child's testimony being that defendant had placed his finger in her vagina (CLS 1961, § 750.336).

4. Evidence—Inconsistencies in Testimony—Credibility.

Inconsistencies in testimony must be resolved by the trier of the facts, and the testimony presented in any case is a matter to be determined by the trier of facts which hears and sees the witnesses and is best able to determine the weight to be accorded the various testimony.

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J. Submitted Division 1 December 6, 1967, at Detroit. (Docket No. 2,783.) Decided April 3, 1968.

Gordon Strunk was convicted of taking indecent liberties with a child. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Richard J. Padzieski*, Assistant Prosecuting Attorney, for the people.

*Jeremiah J. Kenney*, for defendant.

Lesinski, C. J. The defendant, Gordon Strunk, appeals his conviction by a jury of the crime of taking indecent liberties with a child, CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568). The defendant's sister's granddaughter, the victim who was five years old at the time of the alleged crime, testified regarding what took place. On this ap-

peal the defendant charges that the trial court erred in failing to properly caution the jury concerning this testimony. The defendant likewise attacks the sufficiency of the evidence sustaining the verdict.

The testimony of a child may be taken. CLS 1961, § 600.2163 (Stat Ann 1962 Rev § 27A.2163). The statute provides that the testimony of a child shall be given such credit as the court or the jury deems is deserves. *People* v. *Minchella* (1934), 268 Mich 123.

The trial judge, regarding the testimony of the witnesses, instructed the jury:

"Now, ladies and gentlemen, you are the sole determiners of the credibility and weight which you will give to each and every witness' testimony. That's the purpose of bringing the witnesses here before you, so that you may see them, observe the demeanor of the witness on the stand, the apparent age of the witness, his apparent intelligence. * * * You size the witness up as it were so that you may give the testimony of each and every witness the weight you think it's entitled to, because the credibility of each and every witness and the weight which you will give to it is a question of fact for you, the jury, and for you alone."

The defendant made no objection to the instruction given, nor did he request from the court, pursuant to GCR 1963, 516.2, any instruction more specifically referring to the age and the testimony of the victim. In fact, immediately after the judge had given his instruction, he asked defendant's counsel if he had anything further to add, to which counsel responded in the negative. The instruction as given adequately advised the jury regarding the testimony of a child. This claim, therefore, has no merit.

Defendant alleges that the evidence is insufficient to sustain the verdict. But in addition to the testi-

mony of the child, there is evidence of injury to the child's genital organs. A review of the record reveals testimony by the child identifying the defendant and further charging him with placing his finger between her legs and into her private parts on September 18, 1965. The record further reveals that the child's mother testified that upon putting the child to bed on the day of the alleged crime, she noticed a red spot about the size of a half dollar in the crotch of the child's panties. She further testified that later the same night when the child awoke, "she was all swollen and blue in her vagina; and one side of her was swollen quite big and she was real red," and that she complained of pain. The mother further testified that she treated the child by applying Vaseline and a cold cloth. The record contains testimony of Dr. Leroy S. Neumann who examined the child on September 26, 1965. His testimony indicates he examined the child to determine if her hymen had been violated. Although he stated that he could not recall all of the details, he did testify that he advised the parents that there had been some perforation of the hymen. The doctor also testified that he found some irritation in the vaginal vault, a lot of redness, a lot of irritation, a small amount of discharge, and some swelling. The doctor testified that he could not give the reason for the exact cause of his findings. He testified that children do have a tendency to put objects in their vaginas at that age. He also testified that in his medical opinion, it could have been caused by a hand or a finger. His testimony indicated that the condition was chronic and could have been existent for a period of over a week, two weeks, or a month.

The defendant testified and denied all of the acts complained of, although he admitted being in the

presence of the child at the time stated in the home of his sister who is the child's grandmother.

Defendant emphasizes certain inconsistencies in the testimony of the victim. She had testified at one point that the incident occurred in the living room; at another time, in the bedroom of the defendant. The prosecutor in his opening remarks indicated that he was going to show it occurred in the basement. The inconsistencies found here do not preclude the jury's finding that the defendant had done the acts alleged. "Bare inconsistencies must be resolved by the trier of the facts. The testimony presented in any case is affected by the credibility of witnesses and such is a matter to be determined by the trier of facts who hears and sees the witnesses and is best able to determine the weight to be accorded the various testimony." *People* v. *Williams* (1965), 1 Mich App 441, 443. The jury, who saw and heard the victim, believed her testimony and found the defendant guilty of the crime charged.

The evidence supporting the conviction is not against the great weight of the evidence and the conviction must stand.

Affirmed.

FITZGERALD and McGREGOR, JJ., concurred.