PEOPLE *v.* McDUNNAH

1. WITNESSES—CROSS-EXAMINATION—REPETITIVE QUESTIONS—LIMI-
   TATION.
   Limitation of repetitive questioning by trial judge is not an improper restriction of cross-examination.

2. TRIAL—LEADING QUESTIONS—ALLOWANCE—DISCRETION.
   Prevention of counsel from testifying in formulating questions by the trial court is proper and the allowance of leading questions is discretionary (MCLA § 768.24).

3. TRIAL—JUDGES—DUTIES—STATUTORY.
   Trial judge has a statutory duty to control and to expedite all aspects of a trial (MCLA § 768.29).

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 January 6, 1970, at Detroit. (Docket No. 5,862.) Decided January 26, 1970. Rehearing denied March 9, 1970. Leave to appeal denied May 18, 1970. 383 Mich 782.

Robert Floyd McDunnah was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Patricia J. Pernick,* Assistant Prosecuting Attorney, for the people.

*George W. Schudlich* (*Edward P. Echlin,* of counsel), for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 667.
[2] 58 Am Jur, Witnesses § 666.
[3] 53 Am Jur, Trial § 34.

Before: LESINSKI, C. J., and J. H. GILLIS and
QUINN, JJ.

PER CURIAM. A jury convicted defendant of
armed robbery, MCLA § 750.529 (Stat Ann 1969
Cum Supp § 28.797), and he was sentenced. On
appeal, defendant contends he was denied a fair and
impartial trial because of the rulings and comments
of the trial judge.

The excerpts from the transcript cited by de-
fendant in his brief in support of his position on
appeal, standing alone, lend some support to that
position. In context with the entire transcript, they
demonstrate performance of the statutory duty of
a judge at trial, MCLA § 768.29 (Stat Ann 1954
Rev § 28.1052).

Limitation of repetitive questioning is not an im-
proper restriction of cross-examination, *People* v.
*Lloyd* (1967), 5 Mich App 717. Prevention of coun-
sel from testifying in formulating questions is
proper, and the allowance of leading questions is
discretionary, MCLA § 768.24 (Stat Ann 1954 Rev
§ 28.1047). MCLA § 768.29, *supra,* requires a trial
judge to expedite trials.

The record does not demonstrate a clear abuse of
discretion by the trial judge in controlling the con-
duct of this trial. *People* v. *Shaw* (1968), 9 Mich
App 558.

Affirmed.