BRAVO *v.* CHERNICK

1. NEGLIGENCE—INFANTS—CONTRIBUTORY NEGLIGENCE.
An infant under seven years of age is incapable of contributory negligence.

2. NEGLIGENCE—INFANTS—PARENTAL NEGLECT.
Allowing the injection of the issue of parental neglect in a negligence case where an infant is the plaintiff is reversible error.

3. NEGLIGENCE — INFANTS — CONTRIBUTORY NEGLIGENCE — PARENTAL NEGLECT — FIRES.
Excluding questions concerning whether the plaintiff, burned while playing with the defendant's rubbish fire, and his brother, both under seven years of age, had been told by their parents

REFERENCES FOR POINTS IN HEADNOTES
[1] 38 Am Jur, Negligence §§ 204, 205.
[2, 3] 38 Am Jur, Negligence §§ 204, 205, 207.
39 Am Jur, Parent and Child § 85.
[4] 38 Am Jur, Negligence § 168.
[5] 38 Am Jur, Negligence §§ 162–165.
[6] 30 Am Jur 2d, Evidence § 972.
[7] 22 Am Jur 2d, Damages §§ 366, 367.

of the dangers of fire was proper where the ruling did not preclude questions concerning whether another intervening or superseding cause was a proximate cause of the plaintiff's injury or whether defendants were guilty of causal negligence, because allowing the injection of the issues of parental neglect and contributory negligence on the part of children under seven years of age would have been reversible error.

4. NEGLIGENCE—RUBBISH ACCUMULATION—NEGLIGENCE PER SE—STATUTES.

The housing law imposes a duty on landlords to keep their premises free from accumulations of rubbish as a fire prevention measure; a violation of the statute constitutes negligence *per se* (MCLA §§ 125.401, 125.474).

5. NEGLIGENCE—STATUTES—RUBBISH ACCUMULATION—SCOPE OF PROTECTION.

A seven-year-old child, burned while playing in defendant's rubbish fire, was within the class of persons protected by statute prohibiting any accumulation of rubbish (MCLA § 125.474).

6. NEGLIGENCE—EVIDENCE—ORDINANCES—POLLUTION ORDINANCE—FIRE PREVENTION.

City's ordinance prohibiting the burning of rubbish without a permit from the Bureau of Air Pollution Control and enacted to prevent air pollution was properly admitted into evidence in a trial in which the plaintiff sought damages for burns from a rubbish fire where the city's fire marshal testified that it was against fire department rules and regulations to openly burn rubbish and that no permit to burn rubbish could be isused without the fire department's approval, because the ordinance was offered as a codification of the rules adopted by the fire marshal as a fire prevention measure.

7. DAMAGES—EXCESSIVE VERDICT—APPEAL AND ERROR—STANDARD OF REVIEW.

A jury verdict will not be set aside or reduced as excessive unless there is a clear lack of proofs to suggest the verdict or the jury used improper methods, or was prejudiced or biased.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 October 8, 1970, at Detroit. (Docket No. 7,641.) Decided November 30, 1970.

Complaint by Raul Bravo, for himself and as next friend of Claudio R. Bravo against Michael

Complaint by Raul Bravo, for himself and as next friend of Claudio R. Bravo against Michael Chernick, Belle Chernick, Michael's Realty Company, and Herman Pankey for damages for injuries sustained when Claudio was burned in a rubbish fire. Verdict for plaintiffs. Defendants appeal. Affirmed.

*Hurwitz & Karp,* for plaintiffs.

*Richard B. Kramer* and *Norman L. Zemke,* for defendants.

Before: Lesinski, C. J., and Bronson and Engel,* JJ.

Lesinski, C. J. Plaintiff, Raul Bravo, individually and as next friend of Claudio Bravo, brought this suit to recover damages sustained by his son in a rubbish fire. Defendants appeal as of right from a denial of their motion for new trial.

The evidence at trial showed that on December 20, 1965, the resident manager of the apartment complex, where plaintiffs resided, which was owned by defendants, started a rubbish fire near the community house area. While the fire was unattended, Claudio Bravo, age four, ventured too close to the flames and, as a result, suffered second and third-degree burns to his left leg.

Defendants' first and second assignments of error concern the testimony of Sergio Bravo, the nine-year-old brother of the injured boy. This witness was not sworn, but was permitted to testify after examination by the trial court pursuant to MCLA § 600.2163 (Stat Ann 1962 Rev § 27A.2163). The witness testified that he and his brother had been playing with the fire when Claudio put his foot into

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the flames. On cross-examination the witness made conflicting statements as to whether his testimony was prompted by his parents and their attorney.

Defendants made no objection to the jury instructions regarding the weight of this testimony. On appeal defendants charge that the trial court erred in failing, *sua sponte,* to strike the testimony and in failing to properly caution the jury.

The statute provides that the testimony of a child shall be given such credit as the court or the jury deems it deserves. *People* v. *Minchella* (1934), 268 Mich 123. The jury instruction was in accord with the holding in *People* v. *Strunk* (1968), 11 Mich App 99. In absence of timely objection to the competency of the witness to testify or a request for a more specific instruction pursuant to GCR 1963, 516.2, we find no error.

Defendants also charge that the trial court erred in limiting the scope of cross-examination of this witness. Defense counsel started a line of questioning as to whether the two boys, both under age seven at the time of the injury, had been told by their parents of the dangers of fire. The trial court ruled that questions which tended to show contributory negligence on the part of these children, or parental neglect, would not be permitted.

An infant under seven years of age is incapable of contributory negligence. *Baker* v. *Alt* (1965), 374 Mich 492. That issue was properly ruled out of this case. The injection of parental neglect would have been reversible error. *Elbert* v. *City of Saginaw* (1961), 363 Mich 463, 482, *per* BLACK, J., *concurring; Lapasinskas* v. *Quick* (1969), 17 Mich App 733. The trial court's ruling did not preclude questions of whether another intervening or superseding cause was a proximate cause of the injury or whether

defendants were guilty of causal negligence. We find the ruling proper.

Defendants' third assignment of error centers on the applicability of the Michigan housing law[1] to the case at bar.

Plaintiffs alleged a violation of the section of that statute dealing with the duty of the landlord to keep the premises clean and that such violation constituted negligence *per se*. MCLA § 125.474 (Stat Ann 1969 Rev § 5.2846), reads, in part, as follows:

"Every dwelling and every part thereof shall be kept clean and shall also be kept free from any accumulation of dirt, filth, rubbish, garbage or other matter in or on the same, or in the yards, courts, passages, areas or alleys connected therewith."

The intent of the legislature in its enactment of the housing law is specified in the act's title:

"An act to promote the health, safety and welfare of the people by regulating the light and ventilation, sanitation, *fire protection,* maintenance, alteration and improvement of dwellings." (Emphasis supplied.)

It is clear that the legislature intended to impose a duty on a landlord to keep his premises free from accumulations of rubbish as, *inter alia,* a fire-preventative measure. See *Feldman* v. *Stein Building & Lumber Company* (1967), 6 Mich App 180. It is clear that plaintiffs were within the class designed to be protected by the statute.

There was evidence from which the jury could find a violation of the statute. Such a violation would constitute negligence *per se. Hardaway* v. *Consolidated Paper Company* (1962), 366 Mich 190; *Douglas* v. *Edgewater Park Company* (1963), 369

---

[1] MCLA § 125.401*et seq.* (Stat Ann 1969 Rev § 5.2771 *et seq.*).

Mich 320. We find no error as to the treatment of this statute by the trial court.

Defendants' fourth assignment of error centers on the applicability of Detroit city ordinance No 167–E, Detroit Ordinances, Ch 57, entitled "Smoke Abatement Code," to the case at bar.

Plaintiffs alleged a violation of that part of the ordinance prohibiting the open burning of rubbish without a permit from the Bureau of Air Pollution Control and that such violation would be evidence of negligence.

Defendants are correct in their assertion that the ordinance was intended to prevent air pollution. See *Huron Portland Cement Company* v. *City of Detroit* (1959), 355 Mich 227. It is also true that Detroit Charter, Title 3, Ch 1, § 17, provides that ordinances shall embrace only one object. Defendants concede that a violation of a smoke abatement ordinance would be evidence of negligence in a smoke inhalation case, but not where the injury is due to burns.

This argument overlooks the testimony of the Fire Marshal of the City of Detroit. The fire marshal is given authority, pursuant to Detroit Ordinances, Ch 23, art 4, § 19, to:

"[p]romulgate and enforce reasonable rules and regulations   *   *   *   for the reasonable protection of life and property against fire and explosion." (Detroit City Ordinance No 733–F.)

The fire marshal testified that it was against department rules and regulations to openly burn rubbish or leave a fire unattended. He stated that no permit to burn rubbish could be issued by the Bureau of Air Pollution Control unless the fire department concurred. His testimony showed that the same standards of safety promulgated by the Bu-

reau of Air Pollution Control were adopted by his office to prevent fire hazards.

It is clear from this testimony that ordinance No 167–E was offered as a codification of the rules adopted by the fire marshal as a fire-preventative measure. The materiality and relevancy of the ordinance was established. It was for the jury to decide whether there had been a violation of an administrative rule and whether to regard such a violation as evidence of negligence. *Douglas* v. *Edgewater Park Company, supra.* Defendants' failure to object that the ordinance was not the best evidence of fire department rules precludes further review.

Defendants also argue that the verdict was excessive. This Court held in *Stowers* v. *Wolodzko* (1969), 19 Mich App 115, that verdicts would not be set aside or reduced unless there is a clear lack of proofs or a showing of improper methods, prejudice, or bias by the jury. There is no such showing in this case.

Affirmed.