HOOKS *v.* CITY OF DETROIT

1. Negligence—Municipal Corporation—Abandoned Police Station—Summary Judgment.

A complaint alleging that the minor plaintiff who, while sitting on the sidewalk with his feet hanging over an air vent well, six feet long, four feet wide, and six feet deep, guarded by a rail and adjacent to an abandoned police station, was struck by a passer-by causing him to fall into the vent created several questions of fact and granting summary judgment for defendant was error (MCLA § 691.1401 *et seq.*).

2. Municipal Corporations — Negligence — Public Streets — "Traveler" — Question of Fact.

Whether a boy playing on the street and sidewalk is a "traveler" within the statute imposing liability on cities for injuries caused by negligent maintenance of public streets is a question of fact (MCLA § 691.1401 *et seq.*).

3. Negligence—Nuisance—Nuisance in Fact—Abandoned Building—Air Vent—Question of Fact.

Whether a light and air vent six feet long, four feet wide, and six feet deep, guarded by a railing along the perimeter, adjacent to an abandoned police station constituted a nuisance in fact is a question of fact (MCLA § 691.1401 *et seq.*).

---

References for Points in Headnotes

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 340, 342, 347, 348, 371, 374.
    40 Am Jur 2d, Highways, Streets, and Bridges § 585.
[2] *39 Am Jur 2d, Highways, Streets, and Bridges § 348.*
[3, 4] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 285, 404.
[5] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 374, 375.

4. NEGLIGENCE—ATTRACTIVE NUISANCE—ABANDONED POLICE STATION.
    Whether the defendant city knew or should have known that
    the area around an abandoned police station was an attractive
    nuisance likely to draw neighborhood children is a question
    of fact (MCLA § 691.1401 *et seq.*).

5. NEGLIGENCE — MUNICIPAL CORPORATIONS — PUBLIC STREETS —
    ABANDONED POLICE STATION — PROXIMATE CAUSE.
    Whether defendant city's allowing an abandoned police station
    with a light and air vent, six feet long, four feet wide, and
    six feet deep, guarded by a railing, to exist was the proxi-
    mate cause of the injuries the minor plaintiff sustained when
    knocked into the vent by a passer-by is a question of fact;
    the fact that a force other than the city's inaction brought
    about the harm does not relieve the city from liability as a
    matter of law.

Appeal from Wayne, Charles Kaufman, J.  Sub-
mitted Division 1 February 4, 1971, at Detroit.
(Docket No. 9172.)  Decided March 25, 1971.

Complaint by Frank Hooks and by A. Donald
Kadushin, as next friend of Harold B. Hooks,
against the City of Detroit for negligence.  Sum-
mary judgment for defendant.  Plaintiffs appeal.
Reversed and remanded.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn
& Freid,* P. C., for plaintiffs.

*Michael M. Glusac,* Corporation Counsel, and
*Alfred Sawaya* and *David S. DeWitt,* Assistants
Corporation Counsel, for defendant.

Before: BRONSON, P. J., and R. B. BURNS and
LEVIN, JJ.

BRONSON, P. J.  Plaintiffs, Harold Hooks, an
eight-year-old boy, by his next friend, Donald
Kadushin, and Frank Hooks, father of the minor

plaintiff, brought this suit to recover damages for injuries sustained by the boy when he fell into a basement light and air vent of an abandoned police station. At the close of plaintiffs' opening statement to the jury, defendant, City of Detroit, moved for dismissal, and a judgment of no cause of action was entered. Plaintiffs appeal as of right.

The record shows that the trial court dismissed plaintiffs' compaint for failure to state a cause of action upon which relief could be granted. It is clear that what was intended was a summary judgment. GCR 1963, 117.2(1). The determinative issue on appeal is whether defendant was entitled to the judgment as a matter of law even if the facts alleged by plaintiffs are true. See *Durant* v. *Stahlin* (1965), 375 Mich 628.

Plaintiffs' complaint alleged that the presence of a light and air vent six feet long, four feet wide, and six feet deep, guarded by a railing along the perimeter, adjacent to an abandoned building, constituted a nuisance, an attractive nuisance to children, and a violation of the city's statutory duty to maintain safe streets and sidewalks.

Plaintiffs' opening statement alleged that plaintiff Harold Hooks was playing on the sidewalk in the area of the police station. While plaintiff was sitting on the sidewalk with his feet dangling over the edge of the vent well, another boy, pushing a grocery cart, struck him in the back, causing him to fall into the vent.

The statute drawn into question is MCLA § 242.1 (Stat Ann 1958 Rev § 9.591), which provides :[1]

"Any person or persons sustaining bodily injury upon any of the public highways or streets in this

---

[1] The statute cited was in effect at the time of the injury, but has since been repealed. Similar provisions are now included in MCLA § 691.1401 *et seq.* (Stat Ann 1969 Rev § 3.996[101] *et seq.*).

state, by reason of neglect to keep such public highways or streets, and all bridges, sidewalks, crosswalks and culverts on the same in reasonable repair, and in condition reasonably safe and fit for travel by the  \*  \*  \*  city or corporation whose corporate authority extends over such public highway, street, bridge, sidewalk, crosswalk or culvert, and whose duty it is to keep the same in reasonable repair, such  \*  \*  \*  city or corporation shall be liable to and shall pay to the person or persons so injured or disabled, and to any person suffering damages by reason of such injury, just damages, to be recovered in an action of trespass on the case before any court of competent jurisdiction."

It is clear from a reading of the statute that the city's liability is predicated on either a finding of fact that the sidewalk was not in reasonable repair or not in a condition reasonably safe and fit for travel. See *Carver* v. *Detroit & Saline Plank Road Co.* (1886), 61 Mich 584; *Sebert* v. *City of Alpena* (1889), 78 Mich 165; *Bravo* v. *Chernick* (1970), 28 Mich App 210. Such a determination was for the jury.

The question of whether a boy playing on the street and sidewalk is a "traveler" and within the ambit of the statute is a question of fact. *Beaudin* v. *Bay City* (1904), 136 Mich 333; *Elbert* v. *City of Saginaw* (1961), 363 Mich 463. It was for the jury to decide whether the light and air vent constituted a nuisance in fact, *Bluemer* v. *Saginaw Central Oil & Gas Service, Inc.* (1959), 356 Mich 399; *Brown* v. *Nichols* (1953), 337 Mich 684, and whether the city knew or should have known that the area was an attractive nuisance likely to draw neighborhood children. *Lyshak* v. *City of Detroit* (1958), 351 Mich 230; *Jaworski* v. *Detroit Edison Co.* (1920), 210 Mich 317. The issue of whether the alleged dangerous condition was the proximate cause of the

injuries is the subject of jury determination, and the fact that another force may have brought about the harm would not, as a matter of law, relieve defendant of liability. *Raatikka* v. *Olin Mathieson Chemical Corporation* (1967), 8 Mich App 638.

The issues of fact, if resolved in plaintiffs' favor, could support a judgment against defendant. While the evidence may not establish defendant's liability for the complained of injuries, it was error to grant defendant's motion before plaintiffs had an opportunity to prove their case.

Reversed and remanded. Costs to plaintiffs.

All concurred.