## PEOPLE *v*. LAWRENCE

1. WITNESSES—CHILDREN—COMPETENCY—COURT'S EXAMINATION.

   Allowing two children, age nine and seven, to testify was not error where the trial judge examined the children to ascertain if they were intelligent enough to testify and if they had the sense of obligation to tell the truth, and found that the children were competent to testify (MCLA § 600.2163).

2. WITNESSES — CHILDREN — COMPETENCY — APPEAL AND ERROR — STANDARD OF REVIEW.

   An appellate court will not substitute its judgment for a trial court's decision that a child under ten years was competent to testify unless there is some indication of palpable error in the trial court's determination (MCLA § 600.2163).

3. CRIMINAL LAW—EFFECTIVE COUNSEL—CALLING WITNESSES.

   Defense counsel's failure to produce two witnesses and to object to the introduction of a statement made by the defendant after his arrest did not constitute ineffective counsel.

Appeal from Wayne, Edward F. Bell, J. Submitted Division 1 March 3, 1971, at Detroit. (Docket No. 9133.) Decided April 22, 1971.

Herschall Lawrence was convicted of taking indecent liberties with a person under the age of 16. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses § 129 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 315.
   Incompetency of counsel chosen by accused as affecting validity of conviction. 74 ALR2d 1390.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalun,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Patricia J. Boyle,* Assistant Prosecuting Attorney, for the people.

*D. Michael Kratchman,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Quinn and O'Hara,* JJ.

O'Hara, J. Defendant was convicted by a jury of the crime of taking indecent liberties with the person of a female child under the age of 16 without committing or attempting to commit the crime of rape or the crime of sodomy or gross indecency. MCLA § 750.336 (Stat Ann 1954 Rev § 28.568).

On this appeal of right, defendant assigns as error the admission of testimony by Naomi Astolfi, age nine, and that of her brother Mark, age seven, relating to the acts allegedly perpetrated upon the girl by defendant.

Pursuant to statutory authorization,[1] the trial judge examined the children in order to ascertain if they were intelligent enough to testify and had the sense of obligation to tell the truth. He determined that both met the requisite test. Absent some indication of palpable error in this determination,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] "Whenever a child under the age of 10 years is produced as a witness, the court shall by an examination made by itself publicly, or separate and apart, ascertain to its own satisfaction whether such child has sufficient intelligence and sence of obligation to tell the truth to be safely admitted to testify; and in such case such testimony may be given on a promise to tell the truth instead of upon oath or statutory affirmation, and shall be given such credit as to the court or jury, if there be a jury, it may appear to deserve" (MCLA § 600.2163 [Stat Ann 1962 Rev § 27A.2163]).

we do not disturb it. The learned trial judge had the opportunity to appraise the competence of these children to testify. He examined them as the statute mandates. He found to "his own satisfaction" that they were competent. For us to substitute our judgment for his in this area reserved by statute to him would be an unwarranted interference with his proper prerogative. There was no error.

As his second ground for reversal of the verdict, defendant asserts the prejudicial waiver by trial counsel of what is characterized as certain of his constitutional rights, *i.e.,* waiving production of two witnesses and failure to object to introduction of a statement made by defendant after his arrest. He relies on *People* v. *Degraffenreid* (1969), 19 Mich App 702.

From the time this Court enunciated the so-called *"Degraffenreid* rule", it has become one of the most frequently cited and most misunderstood of our decisions. *Degraffenreid* should not be read by the bar to mean that because an objection could have been made or that some right was waived that this necessarily indicates incompetence of counsel or prejudice to the defendant. As the ones to whom the conduct of the trial and the choice of strategy have been entrusted, trial counsel may reasonably believe it advantageous, at times, to forego exercising certain rights for tactical reasons. On appeal it behooves us not to play the part of the Sunday morning quarterback[2] and to second-guess him.

Usually omitted from appellants' quotations of *Degraffenreid* is the limiting and cautionary lanquage that is often repeated in the opinion.

---

[2] "It's easy to see on Sunday what play you should have called Saturday afternoon."—Knute K. Rockne.

"Most post-conviction claims of disgruntled clients are indeed insubstantial." *Degraffenreid, supra.*

We would not be understood by what we have said here to dilute the *Degraffenreid* doctrine. We mean rather that it should be carefully read before reversible error is claimed on the grounds of the incompetence of counsel. Such incompetence must be grave indeed to be raised to the constitutional level of no assistance of counsel.

Viewing the whole record here, it cannot be said that defendant did not have the effective assistance of counsel in the constitutional sense. There was sufficient, competent evidence, if believed by the jury, to find defendant guilty beyond a reasonable doubt. *People* v. *Geddes* (1942), 301 Mich 258.

Affirmed.

All concurred.