IN THE MATTER OF WARDELL JONES

Docket No. 71933. Submitted November 20, 1984, at Detroit.—Decided February 25, 1985.

A petition was filed in the Wayne County Probate Court—Juvenile Division alleging that the respondent, Wardell Jones, a minor, had carried a concealed weapon, violated a local ordinance prohibiting juveniles from carrying knives and had committed first-degree criminal sexual conduct. Following a hearing, the referee found that the evidence substantiated the criminal sexual conduct charge and that respondent was within the provisions of the juvenile code. The referee proceeded to the dispositional phase of the hearing and recommended that respondent be committed to the State Department of Social Services for placement in a well-structured residential setting with education. An order was entered to that effect. Respondent petitioned for review with the probate court. The probate court affirmed the findings and disposition made by the referee, Y. Gladys Barsamiam, J. Respondent appeals. *Held:*

1. The juvenile court referee did not abuse her discretion in finding the nine-year-old complainant competent to testify. Subsequent inconsistencies in the complainant's testimony reflected on credibility, not competency. The complainant, on the whole, testified understandably.

2. The juvenile court referee did not abuse her discretion in limiting cross-examination of the complainant.

3. The juvenile court referee did not err in failing to exclude

REFERENCES FOR POINTS IN HEADNOTES

[1] 81 Am Jur 2d, Witnesses §§ 88-93.

Competency of young child as witness in civil case. 81 ALR2d 386.

[2, 3] 81 Am Jur 2d, Witnesses §§ 472, 475.

[4] 21 Am Jur 2d, Criminal Law § 198.

29 Am Jur 2d, Evidence § 440.

[5] 21 Am Jur 2d, Criminal Law § 199.

Validity and construction of statutes requiring defendant in criminal case to disclose matter as to alibi defense. 45 ALR3d 958.

[6] 75 Am Jur 2d, Trial § 261.

Propriety and prejudicial effect of prosecutor's argument to jury indicating his belief or knowledge as to guilt of accused—modern cases. 88 ALR3d 449.

the rebuttal testimony of a prosecution witness. The prosecution could present the rebuttal testimony to respondent's alibi defense without complying with the notice requirements. The respondent's witnesses were not alibi witnesses and the prosecution had not been notified that respondent himself would be presented as an alibi witness.

4. The evidence was sufficient and the referee's findings were not against the great weight of the evidence.

5. Respondent was not denied a fair trial and was given full opportunity to cross-examine the complainant.

6. Error by the prosecutor in personally affirming the respondent's guilt was harmless.

7. The referee's report sufficiently complied with the statute regarding such reports.

Affirmed.

1. WITNESSES — CHILDREN — COMPETENCY.

Allowing a nine-year-old complainant to testify was not error where the juvenile court referee examined the complainant to determine whether he was intelligent enough to testify and if he had a sense of obligation to tell the truth and the complainant's responses indicated that he had these qualities.

2. TRIAL — WITNESSES — CROSS-EXAMINATION.

A juvenile court referee does not abuse her discretion in limiting the cross-examination of witnesses in regard to repetitive, confusing, irrelevant or argumentative questions.

3. TRIAL — WITNESSES — CROSS-EXAMINATION — RULES OF EVIDENCE.

A trial judge has a great deal of discretion in limiting cross-examination of a witness and such discretion is not subject to review unless a clear abuse of discretion is shown (MRE 611).

4. WITNESSES — ALIBI WITNESSES.

A witness who is unable to place the accused elsewhere than at the scene of the crime is not an alibi witness.

5. WITNESSES — ALIBI WITNESSES — NOTICE OF ALIBI.

An accused may properly testify as to his alibi defense without complying with the pertinent notice requirements, however, rebuttal testimony may be presented without complying with the notice requirements where there was no notice that the accused would be presenting his alibi defense.

6. CRIMINAL LAW — TRIAL — PROSECUTORIAL COMMENT.

It is improper for a prosecutor to include in his argument a personal affirmance of the accused's guilt.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for petitioner.

Juvenile Defender Office (by *William E. Ladd),* for respondent.

Before: T. M. BURNS, P.J., and SHEPHERD and M. WARSHAWSKY,* JJ.

PER CURIAM. A petition was filed in the juvenile division of probate court alleging that the respondent, Wardell Jones, a minor, carried a concealed weapon, violated a local ordinance prohibiting juveniles from carrying knives and committed first-degree criminal sexual conduct. Following a hearing, the referee found that the evidence substantiated the allegation that respondent committed first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and therefore was within the provisions of the juvenile code, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* The referee then proceeded to the dispositional phase of the hearing and recommended that respondent be committed to the State Department of Social Services for placement in a well-structured residential setting with education. An order was then issued pursuant to this recommendation. Respondent then filed a petition for review with the probate court. The probate court affirmed the findings and disposition made by the referee. The respondent now appeals to this Court as of right.

The respondent first argues that the juvenile court referee abused her discretion in finding that

* Circuit judge, sitting on the Court of Appeals by assignment.

the nine-year-old complainant was competent to testify. The referee examined the complainant to determine whether he was intelligent enough to testify and had the sense of obligation to tell the truth. The complainant's responses indicated that he had these qualities. The referee therefore did not err in allowing the complainant to testify. *People v Lawrence,* 32 Mich App 591; 189 NW2d 48 (1971).

Respondent, however, maintains that inconsistencies in the complainant's testimony indicate that complainant was incompetent to testify. In *People v Strunk,* 11 Mich App 99; 160 NW2d 602 (1968), the defendant was convicted by a jury of taking indecent liberties with a child. The victim, who was five years old at the time of the alleged crime, testified regarding what took place. The Court noted that the testimony of a child may be taken and such testimony must be given such credit as the court or jury deems it deserves. The defendant emphasized certain inconsistencies in the testimony of the victim as to the place of the incident. This Court stated:

"Defendant emphasizes certain inconsistencies in the testimony of the victim. She had testified at one point that the incident occurred in the living room; at another time, in the bedroom of the defendant. The prosecutor in his opening remarks indicated that he was going to show it occurred in the basement. The inconsistencies found here do not preclude the jury's finding that the defendant had done the acts alleged. 'Bare inconsistencies must be resolved by the trier of the facts. The testimony presented in any case is affected by the credibility of witnesses and such is a matter to be determined by the trier of facts who hears and sees the witnesses and is best able to determine the weight to be accorded the various testimony.' *People v Williams,* 1 Mich App 441, 443; 136 NW2d 774 (1965). The jury, who

saw and heard the victim, believed her testimony and found the defendant guilty of the crime charged.

"The evidence supporting the conviction is not against the great weight of the evidence and the conviction must stand." *Strunk, supra,* p 103.

In the instant case, there was no clear abuse of discretion by the referee. She conducted a sufficient examination of the witness and was satisfied that he was competent to testify. Subsequent inconsistencies in the complainant's testimony reflected on credibility, not competency. Further, the record reveals that the witness, on the whole, testified understandably. Respondent's claim that the referee abused her discretion in finding the witness competent to testify is without merit.

Respondent next argues that the referee abused her discretion by improperly restricting cross-examination of the complainant. Respondent notes two specific incidents where defense counsel was limited on cross-examination. Respondent first claims that he was unable to piece together the sequence of events according to the complainant's version of the crime. While at one time the referee limited respondent's questioning as to whether the respondent pushed the complainant down before or after the alleged incident, defense counsel was subsequently able to elicit testimony regarding when and how the respondent pushed the complainant down. Respondent next complains that defense counsel was not able to effectively question the complainant's veracity because the referee limited cross-examination with respect to questions concerning whether the complainant pulled down his own pants. Defense counsel was able to elicit from the complainant that he had lied about not pulling down his own pants. Defense counsel then asked whether that was the first lie that the

complainant had ever told. Defense counsel had previously asked the complainant whether he had told lies in the past and received an affirmative answer. Since this question was previously asked and answered, the court properly limited further inquiry into the matter.

Respondent also argues that the referee abused her discretion when she repeatedly sustained the prosecution's objections which limited defense counsel's questioning of the complainant. A trial judge has a great deal of discretion in limiting cross-examination and such discretion is not subject to review unless a clear abuse of discretion is shown. *People v DeLeon,* 103 Mich App 225; 303 NW2d 447 (1981). See, also, MRE 611. We do not believe that the referee abused her discretion in limiting cross-examination of the complainant. The majority of questions and answers that were struck were already "asked and answered". The referee properly limited repetitive questioning on cross-examination. *People v McDunnah,* 21 Mich App 116; 174 NW2d 859 (1970), *lv den* 383 Mich 782 (1970). The other questions were properly stricken because they were confusing, irrelevant, or argumentative. MRE 403.

Respondent next argues that the referee erred by failing to exclude the rebuttal testimony of a prosecution witness, Everett Williams. Mr. Williams is the complainant's grandfather. He testified that one day the complainant came to him and told him that respondent made sexual advances towards him. Mr. Williams then went to a group of several children who were playing baseball, including respondent, grabbed a baseball bat and threatened them. Respondent attempted to present an alibi defense by presenting the testimony of two of the children who were playing baseball with him. These witnesses testified that

respondent played baseball with them for about two hours. Mr. Williams was allowed to testify on rebuttal that the incident with the baseball bat had occurred after the police had contacted him regarding the present charges. Respondent now argues that Mr. Williams was improperly allowed to offer rebuttal testimony to respondent's alibi defense since the prosecutor did not comply with notice requirements.

The children who testified for respondent as alibi witnesses were unable to state on what date the respondent was playing baseball with them. They therefore were not alibi witnesses since they were unable to place the respondent elsewhere than at the scene of the crime. *People v Watkins,* 54 Mich App 576; 221 NW2d 437 (1974). The respondent was the only witness who testified that he was not at the scene of the crime. An accused may properly testify as to his alibi defense without complying with the pertinent notice requirements. *Watkins, supra.* In the instant case, the respondent was not included on the list of alibi witnesses. The prosecution therefore could present Mr. Williams as a rebuttal witness since it had no notice that respondent would be presented as an alibi witness.

Respondent next argues that the evidence was insufficient as a matter of law to support the referee's findings and that the referee's findings were against the great weight of the evidence. The referee specifically found that the complainant's testimony regarding the fact that respondent committed an act of first-degree criminal sexual conduct was credible. The referee noted that certain inconsistencies in the complainant's testimony, which respondent now complains of, were on collateral matters. There is no evidence which shows that the trial court erred as a matter of law in

finding the complainant credible. The evidence was therefore sufficient and the referee's findings were not against the great weight of the evidence.

Respondent next argues that he was deprived of a fair trial by arguments and objections of the prosecutor. The prosecutor made numerous objections during the respondent's cross-examination of the complainant. As we previously noted, many of these objections had merit and the court properly sustained them. While the prosecutor may have objected more than was necessary to adequately defend the people's position, the record shows that the respondent was not denied a fair trial and was given full opportunity to cross-examine the complainant.

Respondent however raises one argument which shows that the prosecution made an improper argument. The prosecutor stated several times that he believed that the respondent had committed first-degree criminal sexual conduct. It is improper for the prosecutor to personally affirm the accused's guilt. *People v Ernest Smith,* 87 Mich App 18; 273 NW2d 573 (1978). We find, however, this error harmless. The trier of fact in the instant case was a referee who was less likely to be influenced by these remarks. *People v McShan,* 120 Mich App 496; 327 NW2d 509 (1982). Further, considering the prosecutor's argument as a whole, the prosecutor was arguing that the evidence supported a finding that the respondent committed the offense. The prosecutor did not argue that the referee should accept his belief in the credibility of the complainant, but argued that the evidence was such that the referee could find that the complainant was a credible witness.

Respondent finally argues that the referee's report failed to comply with MCL 712A.10; MSA

27.3178(598.10), which requires the referee to "make a written signed report to the judge of probate containing a summary of the testimony taken and a recommendation for the court's findings and disposition of such matters". In the present case, the referee filled out a form entitled "Referee's Report". In this report, the referee stated that the allegations in the petition were substantiated. When read in conjunction with the petition, this was sufficient to satisfy the statute. The report also referred to the tape recording of the hearing. On this tape, the referee made detailed findings of fact.

Affirmed.