72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David Scott DOUCET, Petitioner-Appellant,
v.
Robert LECUREUX, Respondent-Appellee.
 No. 95-1394.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: BOGGS and DAUGHTREY, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 David Scott Doucet appeals pro se from a district court judgment that dismissed his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1981, Doucet was sentenced to a term of 60 to 90 years of imprisonment after being convicted by a Michigan jury of first-degree criminal sexual conduct, a violation of Mich.Comp. Laws Ann. Sec. 750.520b(1)(f).
 
 
 4
 In 1992, Doucet filed his third motion for state post-conviction relief, raising the following substantive claims: 1) he was denied an opportunity for allocution at sentencing; 2) his counsel was denied an opportunity for allocution at sentencing; 3) the evidence was not sufficient to support his conviction; and 4) his appelalte counsel was ineffective for failing to raise these issues on direct appeal. The trial court denied this motion, and the Michigan Court of Appeals denied his application for leave to appeal. In 1993, the Michigan Supreme Court denied Doucet's delayed application for leave to appeal because he had "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."
 
 
 5
 Doucet raised these same four claims in his current habeas corpus petition. He also argued that the Michigan courts had erred in applying Michigan Court Rule 6.508(D). On April 3, 1995, the district court adopted a magistrate judge's recommendation and denied the petition because Doucet had not shown cause and prejudice that would excuse his state procedural default under Rule 6.508(D). It is from this judgment that Doucet now appeals.
 
 
 6
 We review the denial of Doucet's habeas corpus petition de novo. See Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). The district court's factual findings are examined for clear error, and the factual findings of the state courts are presumptively correct unless one of the exceptions in 28 U.S.C. Sec. 2254(d) applies. Moreover, an error in trial procedure may be considered harmless if it did not have a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). Upon review, we find that the dismissal of Doucet's case was proper, albeit for reasons other than those which were articulated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 7
 Michigan Court Rule 6.508(D) provides in pertinent part as follows:
 
 
 8
 (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion ...
 
 
 9
 (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this chapter.
 
 
 10
 The Michigan courts' reliance on Rule 6.508 does not require application of a procedural default analysis in Doucet's federal habeas corpus case, as that rule did not become effective until October 1, 1989. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993). Doucet had filed his direct appeal and first two post-conviction motions before Rule 6.508 became effective. At that time, Michigan prisoners were not limited in the number of motions that they could make for state post-conviction relief. See Bransford v. Brown, 806 F.2d 83, 85 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). Hence, we will reach the merits of Doucet's claims because Rule 6.508 was not a firmly established and regularly followed state practice when he committed the alleged procedural default under that rule. See Warner, 975 F.2d at 1213-14.
 
 
 11
 Doucet argues that he and his counsel were denied an opportunity for allocution because the sentencing court did not invite them to speak. These claims lack substantive merit for several reasons. First, there is no indication that either Doucet or his counsel were silenced by the court. Indeed, the court asked them whether they would like to make any comments regarding the presentence investigation report, and both Doucet and his attorney stated that they accepted the report without revision. Doucet could have raised any circumstances that might have supported leniency by responding to the court's inquiry at that time. Furthermore, Doucet does not have a constitutionally guaranteed right to allocution at sentencing. See Hill v. United States, 368 U.S. 424, 429 (1962); United States v. Coffey, 871 F.2d 39, 40 (6th Cir.1989). Instead, he relies on Michigan General Court Rule 785.8 (1963), which directed Michigan courts to give criminal defendants and their attorneys a reasonable opportunity to raise any circumstances that they wished to have considered at sentencing. Thus, Doucet's first two claims are not cognizable in a federal habeas corpus proceeding because they are primarily based on a perceived error of state procedural law which would not impinge upon his constitutional rights. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, there is no indication that counsel was unable to provide effective assistance to Doucet, even though the court did not solicit additional comments from them.
 
 
 12
 Doucet also argues that the evidence was insufficient because there were several inconsistencies in the victim's testimony at trial. In reviewing this argument, we must determine whether any rational trier of fact would accept the evidence as establishing each of the elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). To convict Doucet of first degree criminal sexual conduct, the jury was required to find that he had caused personal injury to the victim and that he had used force or coercion to penetrate her sexually. See Mich.Comp.Laws.Ann. Sec. 750.520b(1)(f) (1991). The victim's testimony was sufficient to establish each of these elements. The alleged inconsistencies in her testimony go to the issue of credibility, a matter that is properly determined by the jury. See United States v. Bond, 22 F.3d 662, 667 (6th Cir.1994). Moreover, the victim's descriptions of her attacker and his vehicle were generally consistent, and she also clearly identified Doucet as her attacker at trial. A reasonable juror could easily have found that this evidence was sufficient to convict Doucet. See In re Jones, 369 N.W.2d 212, 215 (Mich.Ct.App.1985) (per curiam); People v. Gwinn, 314 N.W.2d 562, 569 (Mich.Ct.App.1981).
 
 
 13
 Doucet argues that he did not receive the effective assistance of counsel because his attorney did not raise his current arguments regarding allocution on direct appeal. To prevail on this claim, Doucet must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Appellate counsel's performance was not constitutionally deficient here because it was not clear that the trial court had violated the state rule requiring an opportunity for allocution. See People v. Westbrook, 470 N.W.2d 495, 496-97 (Mich.Ct.App.1991) (per curiam); People v. Gistover, 345 N.W.2d 703, 704 (Mich.Ct.App.1984). Since counsel's performance was not deficient, we need not determine whether Doucet was prejudiced in order to find that he was not deprived of his right to the effective assistance of counsel. See Strickland, 466 U.S. at 687.
 
 
 14
 Finally, Doucet argues that the district court erred by not holding an evidentiary hearing on his ineffective assistance of counsel claim. However, the district court did not abuse its discretion here because Doucet has not identified specific facts that would provide a basis for relief if they were proven at a such a hearing. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 15
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation