89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Edward TIBBS, Petitioner-Appellant,
v.
Robert E. LECUREAUX, Respondent-Appellee.
 No. 95-2085.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1996.
 
 1
 Before: MILBURN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 
 ORDER
 
 2
 Charles Edward Tibbs, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On May 5, 1983, following a jury trial, Tibbs was convicted of first degree criminal sexual conduct. He was sentenced to life imprisonment.
 
 
 4
 On direct appeal, Tibbs argued that: 1) the trial judge committed error by allowing into evidence photographs of the victim's face and a photograph of the blood-stained carpeting upon which she stood when police arrived; 2) he was denied the right to counsel by counsel's ineffective assistance at trial; and 3) his sentence of life in prison was excessively severe. On June 12, 1985, the Michigan Court of Appeals affirmed Tibbs's conviction. The Michigan Supreme Court subsequently denied further appellate review.
 
 
 5
 On January 6, 1993, Tibbs filed a motion for relief from judgment. He claimed entitlement to a new trial because the trial court had not adjudicated him competent to stand trial. The trial court denied Tibbs's motion after concluding that he had not established cause for the failure to raise his claim in his appeal of right.
 
 
 6
 The Michigan Court of Appeals denied Tibbs's application for leave to appeal the trial court's order, concluding that there was no merit in Tibbs's ground for relief. The Michigan Supreme Court denied Tibbs's delayed application for leave to appeal because Tibbs had failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).
 
 
 7
 On November 15, 1994, Tibbs filed the present petition for a writ of habeas corpus. His grounds for relief are: 1) that the trial court deprived him of his constitutional rights by failing to ensure that he was competent to stand trial; and 2) that he was denied his Sixth Amendment right to the effective assistance of trial counsel. The district court denied the habeas petition in a memorandum opinion and order dated August 25, 1995. Reconsideration was denied in an order dated September 12, 1995. This appeal followed.
 
 
 8
 We review the denial of Tibbs's habeas corpus petition de novo. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir.1994). Upon review, we find that the dismissal of Tibbs's competency claim was proper, but for reasons other than those which were stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Michigan Court Rule 6.508(D)(3) provides in pertinent part as follows:
 
 
 9
 (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion ...
 
 
 10
 (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter.
 
 
 11
 The Michigan courts' reliance on Rule 6.508 does not require application of a procedural default analysis in Tibbs's federal habeas corpus case, as that rule did not become effective until October 1, 1989. A state procedural default bars federal habeas review only if the procedural rule in question is "firmly established and regularly followed." See Ford v. Georgia, 498 U.S. 411, 423-24 (1991).
 
 
 12
 Tibbs had filed his direct appeal before Rule 6.508 became effective. At that time, Michigan had no recognized rule limiting the number of appeals, and delayed motions for a new trial could be filed at any time. See Bransford v. Brown, 806 F.2d 83, 85 (6th Cir.1986), cert. denied, 481 U.S. 1056 (1987). Hence, we will reach the merits of Tibbs's competency claim because Rule 6.508 was not a firmly established and regularly followed state practice when he committed the alleged procedural default under that rule. See Warner v. United States, 975 F.2d 1207, 1213-14 (6th Cir.1992), cert. denied, 507 U.S. 932 (1993).
 
 
 13
 According to Tibbs, the transcript from his arraignment indicates that he did not understand his attorney's position or function. A defendant has a due process right not to be tried for, or plead guilty to, a criminal offense unless he is competent. Medina v. California, 505 U.S. 437, 453 (1992). Due process mandates a competency hearing be held if the trial court has substantial doubt concerning a defendant's competency to stand trial. Pate v. Robinson, 383 U.S. 375, 385 (1966). Tibbs's responses at his arraignment, at trial, and at his sentencing do not support a finding that "a reasonable judge ... should have experienced doubt with respect to competency...." Pate v. Smith, 637 F.2d 1068, 1072 (6th Cir.1981). Moreover, the transcripts of the arraignment, trial, and sentencing hearing indicate that Tibbs did understand the nature of the criminal proceedings and was able to assist his attorney with his defense. Therefore, Tibbs's claim that he was not competent to stand trial and that he was unable to assist his trial attorney in a defense is without merit.
 
 
 14
 Upon further review, we conclude that none of the alleged instances of ineffectiveness of trial counsel rise to a level of constitutional dimension. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 15
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation