PEOPLE *v.* EDWARDS

1. APPEAL AND ERROR—INSTRUCTIONS TO JURY—PRESERVING QUESTION.

The failure of the trial court to give cautionary instructions to the jury regarding the testimony of a child will not be reviewed by an appellate court where no objection or request for an instruction was made at trial, unless the appellate court determines that justice requires review of the failure to instruct (GCR 1963, 516.2).

2. CRIMINAL LAW—PROSECUTOR'S ARGUMENT—PRESERVING QUESTION.

An appellate court will not review the assignment of prejudicial error in the prosecutor's closing argument unless that issue has been preserved by an objection to the argument.

Appeal from Recorder's Court for the City of Detroit, Robert J. Colombo, J. Submitted Division 1

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 623, 891.
[2] 5 Am Jur 2d, Appeal and Error §§ 624–627.

June 10, 1971, at Detroit.  (Docket No. 9771.)  Decided July 26, 1971.

Arthur Lee Edwards was convicted of first-degree murder.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Sol Plafkin,* for defendant on appeal.

Before: Levin, P. J., and Quinn and V. J. Brennan, JJ.

Quinn, J.  Convicted by a jury of first-degree murder, MCLA § 750.316 (Stat Ann 1954 Rev § 28.-548), defendant was sentenced and he appeals.  The crucial issue at trial was the identity of the murderer.  Defendant's defense was alibi.

On the basis of discrepancies in the testimony of prosecution witnesses, defendant argues that the prosecution failed to negate every reasonable theory consistent with his innocence.  The only theory consistent with defendant's innocence that had to be negated was that defendant was not the murderer. In the process of determining what testimony they believe, the weight they accord it, and if the burden of proof has been met, the jury necessarily resolves discrepancies in the testimony.  This Court does not sit as a reviewing jury, *People* v. *Arither Thomas* (1967), 7 Mich App 103.  Our function is to determine whether the record contains sufficient evidence which, if believed by the jury, establishes beyond a reasonable doubt the identity of defendant as the murderer. This record so identifies defendant.

Two witnesses for the prosecution were children, one eight and one nine years of age. Defendant claims reversible error on the basis of what he terms inadequate examination of these children by the trial judge as to their intelligence, ability to perceive and relate their perceptions. Defendant did not object to this examination nor did he request further examination, but in any event, the examination made satisfies the requirements of MCLA § 600.2163 (Stat Ann 1962 Rev § 27A.2163).

Defendant asserts reversible error because the trial judge did not give a cautionary instruction on the testimony of child witnesses. No such instruction was requested nor was there objection to the instructions given. Unless justice requires it, this question is not reviewable. GCR 1963, 516.2; *People* v. *Keiswetter* (1967), 7 Mich App 334. Justice does not require review.

No objection to the method of in-court identification was made by defendant at trial, but he now contends reversible error arose from that identification. This issue was not saved for review. *People* v. *Rowls* (1970), 28 Mich App 190.

A similar situation exists with defendant's asserted reversible error with respect to one sentence of the trial court's instruction relating to defendant's testimony. It was not objected to below and error cannot be assigned. GCR 1963, 516.2.

This Court has repeatedly held that in order to preserve alleged prejudicial error in closing argument, an objection must be made. For the lack of objection, we decline review of the alleged reversible error arising from the prosecuting attorney's closing argument.

Affirmed.

All concurred.