PEOPLE *v.* ADAMS

1. CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTION TO JURY.
    Defining reasonable doubt in a jury instruction as a doubt which would cause a person to hesitate in the ordinary affairs of life might be reversible error; however use of the phrase was not reversible error where it was used in a proper reasonable doubt definition.

2. CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTIONS TO JURY—EXAMPLES.
    Use of examples by a trial judge to illustrate to the jury reasonable and unreasonable doubts is not to be encouraged.

3. CRIMINAL LAW—REASONABLE DOUBT—INSTRUCTIONS TO JURY—EXAMPLES.
    Trial court's use of an example to illustrate an unreasonable doubt was not prejudicial where the example was very remote from the facts of defendant's case and the jury was strongly cautioned that the example should not be taken to be a comment by the court on the evidence.

4. CRIMINAL LAW—AIDING AND ABETTING—INSTRUCTIONS TO JURY—PROPRIETY.
    The test of whether a jury instruction as to aiding and abetting is proper is whether evidence has been presented which supports such a theory of guilt.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 June 14, 1971, at Detroit. (Docket No. 10975.) Decided July 29, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur 2d, Apepal and Error §§ 891, 894.
    53 Am Jur, Trial § 747 *et seq.*
[4] 53 Am Jur, Trial § 647.

Carl Henry Adams was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Robert A. Reuther*, Assistant Prosecuting Attorney, for the people.

*Jack Kraizman*, for defendant on appeal.

Before: T. M. Burns, P. J., and Holbrook and McGregor, JJ.

Per Curiam. Defendant was found guilty by a jury of breaking and entering an occupied dwelling with intent to commit a larceny. MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305). Complainant, upon returning to his previously locked home, found defendant inside, gave chase to defendant, and apprehended him about a block away. After turning defendant over to the police, complainant returned home again. At this point, complainant observed two unknown men in his backyard who fled when he saw them. Complainant then learned that his shotgun was missing.

The trial court, in its charge to the jury, defined reasonable doubt:

" 'A reasonable doubt is ladies and gentlemen, largely just what the words themselves suggest. A reasonable doubt is a doubt for which you can give a reason for entertaining, a doubt growing out of the evidence or lack of evidence in the case; *a doubt which would cause you to hesitate in the ordinary affairs of life.* Now, it is not a flimsy, fanciful or

ficticious [sic] doubt that you could raise about any-
thing or everything, nor is it a doubt based on
sympathy, bias or prejudice. It is not that kind of
a doubt that excuses the defendant on which you
would find him not guilty. It is rather, as I have
said before, a doubt for which you can give a reason
for entertaining, a doubt growing out of the evi-
dence of lack of evidence in a case, etc.' " (Emphasis
added.)

After the jury had begun deliberations, the jury
requested additional instructions, asking the mean-
ing of reasonable doubt. The court redefined rea-
sonable doubt substantially as noted above. The
jury apparently expressed further concern as to the
meaning of the term "reasonable doubt". The court
then tried to explain the meaning by way of an
example of a reasonable doubt and an unreasonable
doubt. After the jury had again retired, defense
counsel moved for a mistrial, alleging that the
examples were misleading. The motion was denied.

On appeal, defendant asserts that the use of the
phrase "a doubt which would cause you to hesitate
in the ordinary affairs of life" was erroneous, citing
*People* v. *Albers* (1904), 137 Mich 678, 690, 691.
While the use of such a phrase alone to define rea-
sonable doubt may be prejudicial, the use of the
phrase, when read in context with the rest of the
definition, did not result in reversible error. See
*People* v. *Davis* (1912), 171 Mich 241, 248.

Defendant also asserts that the use of the example
of an unreasonable doubt was improper and prej-
udicial. While the use of examples is not to be
encouraged, a review of the example given leads
us to the conclusion that no prejudice resulted. The
example given was very remote from the facts of
this case and the jury was strongly cautioned that
the example should not be taken to be a comment

by the court on the evidence of the case at hand. *People* v. *Cox* (1888), 70 Mich 247, 257.

Defendant further alleges that it was improper for the court to charge as to aiding and abetting. The test of whether such an instruction is proper is whether or not there has been evidence presented which supports such a theory of guilt. See *People* v. *Ware* (1968), 12 Mich App 512; *People* v. *Dawson* (1971), 32 Mich App 336. The record contains sufficient evidence from which the jury might find that the defendant was working in consort with the unidentified man seen in complainant's backyard.

Affirmed.