PEOPLE v McCLENDON

1. CRIMINAL LAW—EVIDENCE—ADMISSIONS—PRIVILEGE—WAIVER—RE-
   VIEW.

   The state has the burden of establishing that a defendant know-
   ingly and intelligently waived his privilege against self-incrimi-
   nation and his right to retained or appointed counsel in order
   to justify the admission in a criminal trial of a defendant's
   extrajudicial inculpatory statements made to police, and, in
   reviewing, the Court of Appeals is required to examine the
   entire record and make an independent determination as to the
   ultimate issue of voluntariness.

2. CRIMINAL LAW—EVIDENCE—ADMISSIONS—PRIVILEGE—WAIVER.

   No express waiver of an accused's privilege against self-incrimi-
   nation and of his right to counsel is required after he has been
   advised of his rights; however, a valid waiver will not be
   presumed simply from the silence of the accused after warnings
   are given or simply from the fact that a confession was in fact
   eventually obtained.

3. CRIMINAL LAW—PRIVILEGE—WAIVER—EVIDENCE—WAIVER FORMS—
   REFUSAL TO SIGN.

   The mere refusal of a party charged with a crime to sign a
   waiver of his privilege against self-incrimination and his right
   to counsel does not automatically render inadmissible all fur-
   ther inculpatory statements of a defendant; however, a defend-
   ant's express refusal to sign a waiver form has been considered

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 219.

[2–5] 21 Am Jur 2d, Criminal Law §§ 219, 317.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof, 97
ALR2d 549.

Duty to advise accused as to right to assistance of counsel, 3 ALR2d
1003.

[6] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

[7] 53 Am Jur, Trial § 647.

[8] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
Children §§ 4, 8.

a relevant factor in determining the validity of an asserted waiver, and in reviewing such a case the Court of Appeals must look to all the circumstances of the detention to ascertain whether the refusal to sign a waiver was tantamount to a refusal by the accused to waive his rights or was nothing more than a reluctance to sign any documents.

4. CRIMINAL LAW—PRIVILEGE—WAIVER—BURDEN OF PROOF.

The prosecution failed to sustain its burden of proving a voluntary waiver of privilege against self-incrimination and of his right to counsel where the defendant expressly refused to sign a waiver form, there was no evidence that the defendant initiated the questioning but rather the testimony indicated that the questioning was initiated by a police officer, and the only evidence of waiver was that the defendant confessed.

5. CRIMINAL LAW—PRIVILEGE—WAIVER.

Once warnings regarding the privilege against self-incrimination and right to counsel have been given, if the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease; that does not mean that an accused must expressly waive his right prior to questioning, but there must be an indication that he is willing to waive the right, and where a defendant expressly refuses to sign a waiver a police officer is put on notice that the defendant may be exercising his right to remain silent and subsequent silence alone is not a sufficient indication of willingness to waive.

6. CRIMINAL LAW—ARGUMENT OF COUNSEL—PROSECUTOR'S REMARKS—PRESERVING QUESTION.

A defendant's failure to object to allegedly prejudicial comments made by a prosecutor during final argument precludes appellate review of the issue.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING.

It is reversible error to instruct the jury with regard to aiding and abetting when there is no evidence to support the charge, but this principle is inapplicable where a review of the record reveals ample proof as to the presence of an accomplice to support a charge of aiding and abetting.

8. CRIMINAL LAW—JUVENILE RECORD—USE—SENTENCE.

A defendant's juvenile record may properly be considered by a trial court in imposing sentence.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 April 4, 1973, at Detroit. (Docket No. 14998.) Decided July 25, 1973.

Kenneth McClendon was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Department and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

BASHARA, J. Defendant was convicted by a jury of breaking and entering with intent to commit larceny. On June 7, 1972 he was sentenced to a term of four to ten years imprisonment.

This conviction arose out of a breaking and entering of a warehouse in Highland Park on February 28, 1972. A police officer, responding to a call that this crime was in progress, observed the defendant running from the rear of the warehouse and a second individual emerging from the corner of the building. After apprehending this second individual, the officer radioed defendant's description and direction of flight. Defendant was apprehended by another officer approximately a block from the building.

At trial defendant moved to suppress certain admissions made by him, and a *Walker* hearing

was held. Detective Grimm of the Highland Park police department testified that he had defendant read the "rights form" and that he then read defendant his rights. However, defendant refused to sign the form. After this refusal, the detective began questioning defendant, who made inculpatory admissions. The trial court upon hearing this evidence, and without making any specific findings or explanation, stated: "Motion to exclude is denied". From this ruling and his conviction, defendant appeals.

Defendant first argues that the trial court erred in denying defendant's motion to exclude certain extrajudicial statements made by defendant since no evidence was introduced to show that he had waived his constitutional rights.

At the outset, it must be noted that the state has the burden of establishing that defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966); *People v Baker,* 19 Mich App 480, 488; 172 NW2d 892, 896 (1969); *People v Lauderdale,* 17 Mich App 191, 195; 169 NW2d 171, 173–174 (1969). Thus, this Court is required to examine the entire record and make an independent determination as to the ultimate issue of voluntariness. *People v Summers,* 15 Mich App 346; 166 NW2d 672 (1968); *People v Stanis,* 41 Mich App 565; 200 NW2d 473 (1972); *People v Coffey,* 42 Mich App 683; 203 NW2d 456 (1972).

The transcript of the *Walker* hearing reveals that the prosecution offered the following evidence to prove a voluntary waiver: (1) the fact that defendant was warned of his rights and (2) that he gave a statement. Balanced against these facts are defendant's express refusal to sign a "waiver of

rights" form and the fact that the questioning was apparently initiated by the detective and not the defendant.

We agree with the decisions of this Court which hold that no express waiver is required after an accused had been advised of his rights. *People v Matthews,* 22 Mich App 619; 178 NW2d 94 (1970); *People v McClure,* 29 Mich App 361; 185 NW2d 426 (1971).

However, defendant's express refusal to sign a waiver form has been considered a relevant factor in determining the validity of an asserted waiver. *United States v Nielson,* 392 F2d 849 (CA 7, 1968); *United States v Crisp,* 435 F2d 354 (CA 7, 1970); *United States v Jenkins,* 440 F2d 574 (CA 7, 1971). The mere refusal to sign a waiver does not automatically render inadmissible all further statements of the defendant. *United States v McDaniel,* 463 F2d 129 (CA 5, 1972); *United States v Thompson,* 417 F2d 196 (CA 4, 1969). It could amount to nothing more than a reluctance to sign any document, or it could be an express refusal of an accused to waive his rights. Therefore, this Court must look to all the circumstances of the detention to ascertain whether or not the refusal to sign the waiver was tantamount to a refusal to waive his rights.

The only real evidence offered by the prosecution to prove waiver was the fact that defendant confessed. The Supreme Court addressed itself to this situation in *Miranda, supra,* 384 US at 475, wherein it was stated:

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given

or simply from the fact that a confession was in fact eventually obtained."

We believe this language is applicable since the only evidence of waiver is that defendant confessed. There is no evidence that defendant initiated the questioning. To the contrary, the testimony indicates that the questioning was initiated by the officer. Under these circumstances, we hold that the prosecution failed to sustain its burden of proving a voluntary waiver.

A review of the testimony adduced at the *Walker* hearing reveals a second ground on which the admission should have been excluded under the proofs offered by the prosecution. This conclusion is reached in light of the following language in *Miranda, supra,* 384 US at 473–474:

"Once warnings have been given, the subsequent procedure is clear. If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease."

In the instant case, defendant's refusal to sign a waiver should have put the officer on notice that he may have been exercising his right to remain silent. We do not read this language to mean that an accused must expressly waive prior to questioning. However, there must be an indication that he is willing to waive the right. It could be in the form of an oral waiver, the defendant initiating the questioning, or volunteering the admission, or some other circumstance which would show waiver. However, the only evidence in this case is defendant's silence which clearly is not sufficient.

Due to the lack of testimony on this issue it is impossible for this Court to determine whether

defendant voluntarily waived his rights. We therefore remand for a further evidentiary hearing.

Defendant contends that the prosecutor's final argument was improper. However, no objection was made to the alleged prejudicial comments and this precludes appellate review. *People v Williams,* 46 Mich App 165; 207 NW2d 480 (1973); *People v Edwards,* 35 Mich App 233; 192 NW2d 382 (1971).

Defendant next argues that the trial court committed reversible error by giving an instruction on aiding and abetting. There is no question that it is reversible error to instruct with regard to aiding and abetting when there is no evidence to support that charge. *People v Walker,* 40 Mich App 142; 198 NW2d 449 (1972); *People v Adams,* 35 Mich App 408; 192 NW2d 625 (1971). However, this principle is inapplicable to the case at bar. A review of the record reveals ample proof as to the presence of an accomplice to support a charge of aiding and abetting.

Finally, defendant contends that it was reversible error in considering defendant's juvenile record when fixing sentence. This panel believes that *People v Coleman,* 19 Mich App 250; 172 NW2d 512 (1969) and *People v Pence,* 42 Mich App 215; 201 NW2d 275 (1972) correctly decided that juvenile records may be used by the trial court in imposing sentence.

Therefore, we remand to the trial court for a further evidentiary hearing. If it is determined that defendant voluntarily waived his rights, the conviction is affirmed. On the other hand, if it is determined that there was no valid waiver, the conviction is reversed and defendant is entitled to a new trial.

We do not retain jurisdiction.

All concurred.