WALLS v DIRECTOR OF INSTITUTIONAL SERVICES

Docket No. 77-3265. Submitted March 14, 1978, at Lansing.—Decided June 20, 1978.

Reginald Walls, a juvenile, was committed to the care of the Department of Social Services after a determination of delinquency. He was subsequently brought before an administrative law judge of the Youth Parole and Review Board for a violation hearing and was ordered placed in the Maxie Boy's Training School. Walls sought a writ of habeas corpus, naming the Director of Institutional Services, Maxie Boy's Training School, as respondent. The Livingston Circuit Court, Bert M. Hensick, J., denied the petition. Walls appeals. *Held:*

Walls, who claimed to be an indigent, was denied a fundamental constitutional right when his request to be represented by counsel at the violation hearing was denied. His confinement is therefore improper.

Writ of habeas corpus directing the release of the petitioner ordered.

1. HABEAS CORPUS—JUVENILES—STATUTES—JURISDICTIONAL DEFECTS.

A juvenile who has been committed to the care of the Department of Social Services and subsequently placed in a juvenile correctional facility following a violation hearing is not entitled to bring an action for habeas corpus under the statute governing habeas corpus proceedings unless there was a radical jurisdictional defect in the commitment proceedings; such a defect would be an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission (MCL 600.4310[3]; MSA 27A.4310[3]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 60–62.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3, 4] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 38.
Right to and appointment of counsel in juvenile court proceedings. 60 ALR2d 691.

2. Appeal and Error—Arguments Raised on Appeal.
    The Court of Appeals should not review arguments raised for the
    first time on appeal.

3. Constitutional Law—Right to Counsel—Juveniles—Equal
    Protection—Delinquency Proceedings.
    The rules of the Youth Parole and Review Board permit a
    juvenile to be represented by legal counsel at meetings of the
    board; while the rules make no provision for appointment of
    counsel, the refusal to appoint counsel to an indigent ward of
    the Department of Social Services when requested is a denial of
    equal protection; the right to counsel in delinquency proceed-
    ings extends to proceedings occurring after the original adjudi-
    cation of delinquency, where the juvenile may face commit-
    ment to an institution.

4. Habeas Corpus—Constitutional Law—Juveniles—Denial of
    Constitutional Rights.
    A writ of habeas corpus may be issued where a juvenile ward of
    the Department of Social Services has been confined to a
    correctional institution as a result of proceedings in which he
    was denied fundamental constitutional rights.

*Gary A. Colbert,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Thomas R. Wheeker,* and *Mark S. Meadows,* Assistants Attorney General, for respondent.

Before: BASHARA, P. J., and M. J. KELLY and ALLEN, JJ.

PER CURIAM. Petitioner seeks a writ of habeas corpus. He was placed in Maxie Boy's Training School by order of the Youth Parole and Review Board, January 19, 1977, following a January 14, 1977, violation hearing before the board.

On October 31, 1977, this Court granted petitioner's motion for immediate consideration and ordered respondent to show cause why the relief sought by petitioner should not be granted. Pe-

titioner had sought habeas corpus before the Livingston County Circuit Court on June 27, 1977. The petition was denied.

Following varied and numerous instances of misbehavior, plaintiff was committed to the care of the Department of Social Services. He did not adjust to life in various Wayne County juvenile institutions and eventually his social worker, as a community placement, released him into the care of his uncle, and then to his mother.

Petitioner came before an administrative law judge of the Youth Parole and Review Board for a violation hearing on January 14, 1977, after he had twice been apprehended by security officers at J. L. Hudson's store, shoplifting small kitchen appliances. At the hearing, petitioner and his mother stated that he was indigent and requested that the board appoint counsel to represent him at the hearing. His request was denied.

Initially we note that petitioner may not bring an action for habeas corpus under the statute. MCL 600.4310(3); MSA 27A.4310(3). If there is a radical jurisdictional defect in the proceedings, however, the statutory prohibition does not bar a habeas corpus action. *People v Price,* 23 Mich App 663, 670; 179 NW2d 177 (1970). "A radical defect in jurisdiction contemplates * * * an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission." *People v Price, supra,* at 671. The policy behind limiting a habeas corpus proceeding is premised on the concern that such an action may be abused and substituted for normal appellate proceedings.

Respondent argues that habeas corpus is not the relief appropriate in this case. Although petitioner could have requested a rehearing or appealed the

decision to the circuit court he failed to do so and habeas corpus cannot be used as a substitute for appeal. We decline to address this question because respondent did not argue before the circuit court that petitioner had no standing. This Court should not review arguments raised for the first time on appeal and we decline to do so in this case.

In his findings of fact, the administrative law judge at the violation hearing found that petitioner had been advised of certain fundamental rights, but declined to sign an "acknowledgment of receipt of rights information". The "acknowledgment of receipt of rights information" unsigned copy is part of the record on appeal. We note with particular interest part 2 of the rights information sheet, which provides:

"You have right to:

\* \* \*

2. Assistance and presence of parents, attorney, or other suitable representatives; or present your side of this matter yourself."

It is clear that petitioner had a right to the assistance and presence of an attorney. Yet when he informed the board that he was indigent and requested that counsel be appointed, his request was refused. This was error.

The Youth Parole and Review Board was established to "Be responsible for approval of: releases from all youth training school facilities of the department [of social services], return to such facilities from release status, and discharge from legal delinquency commitment". MCL 400.121; MSA 16.490(31). It is a part of the Michigan Department of Social Services.

The board's rules permit juveniles to be represented at board meetings by legal counsel. See 1975 AACS R 400.1205(2), R 400.1226(4). The rules make no provision for appointing counsel to indigent juveniles. To refuse to appoint counsel for indigent wards under the instant circumstances while giving others the right to have counsel present is a denial of equal protection. *Cf. Hawkins v Parole Board,* 45 Mich App 529, 533; 206 NW2d 764 (1973), *adopted,* 390 Mich 569; 213 NW2d 193 (1973), *Warren v Parole Board,* 23 Mich App 754, 771, n32; 179 NW2d 664 (1970).

The United States Supreme Court held in *In re Gault,* 387 US 1; 87 S Ct 1428; 18 L Ed 2d 527 (1967), that an indigent juvenile was entitled to appointed counsel in a delinquency proceeding. The *Gault* opinion expressly denied any application to post-adjudication disposition such as we have here. 387 US at 31, n 48. The present petitioner, although released from custody of the mother, was already a ward of the Department of Social Services and of the probate court. We hold that the right to counsel established in delinquency proceedings in *In re Gault, supra,* should extend to proceedings occurring after the original adjudication of delinquency, where the juvenile may face commitment to an institution.

The original exercise of jurisdiction by the state over a juvenile does not eliminate the juvenile's right to due process of law in later proceedings. In fact, the trend in the Supreme Court is to extend to juveniles at all stages of juvenile proceedings the same protections that are given defendants in criminal proceedings. *Breed v Jones,* 421 US 519, 529; 95 S Ct 1779; 44 L Ed 2d 346 (1975). *Cf.* the right to appointed counsel in probation or parole revocation proceedings. *Gagnon v Scarpelli,* 411

US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), *Hawkins v Parole Board, supra, Warren v Parole Board, supra.*

Petitioner was a juvenile with limited capacity to read. It is unlikely that he was skilled at cross-examining witnesses or aware of his rights under the constitution and the probate code. To insure that petitioner was accorded his full right to due process of law, the state should have provided him with counsel after petitioner and his mother requested counsel. Our opinion is consistent with the Michigan Supreme Court's recent expansion of the scope of proceedings in which due process mandates a right to counsel. See *Artibee v Cheboygan Circuit Judge,* 397 Mich 54; 243 NW2d 248 (1976).

Petitioner's confinement is a result of proceedings in which he was denied fundamental constitutional rights. His confinement therefore is improper. A writ of habeas corpus directing the Director of Institutional Services of the Maxie Boy's Training School to release petitioner is ordered. MCL 600.4304(2); MSA 27A.4304(2). See MCL 600.4307; MSA 27A.4307.