PEOPLE v BEAN

Docket No. 27759. Submitted June 19, 1978, at Detroit.—Decided
April 17, 1979.

Elliott J. Bean was convicted in a bench trial of breaking and
entering an occupied dwelling, Recorder's Court of Detroit,
George W. Crockett, Jr., J. Defendant appeals, alleging that a
prior statement, in which the defendant admitted his participa-
tion in the offense and upon which the trial court relied in
finding the defendant guilty, was improperly admitted into
evidence. On cross-examination the defendant had denied mak-
ing the statement when confronted with it and the prosecution
then offered the statement as rebuttal of the denial. *Held:*

1. A defendant's admission can be admitted into evidence
only as a part of the prosecution's case in chief. The statement
here was not proper rebuttal evidence because it injected an
issue of aiding and abetting a breaking and entering, which did
not bear on any issue raised by either the prosecution or the
defense. Because the court based its entire finding that the
defendant aided and abetted the crime on the improperly
admitted statement, the defendant was prejudiced by the error.

2. The defendant voluntarily waived his rights prior to the
making of the statement where he had signed a waiver of
rights form prior to making another statement only 1-1/2
hours before and indicated that he wished to make a second
statement, at which time he was again advised of his *Miranda*
rights before he made the second statement. Admission of this
statement under these circumstances would not be error.

Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 251, 252, 599, 601, 611.
    75 Am Jur 2d, Trial § 159.
[2] 29 Am Jur 2d, Evidence §§ 250, 269.
[3, 4] 4 Am Jur 2d, Appeal and Error § 491.
    5 Am Jur 2d, Appeal and Error §§ 898, 900.
    21 Am Jur 2d, Criminal Law §§ 357, 367.
[4] 21 Am Jur 2d, Criminal Law § 358.
    29 Am Jur 2d, Evidence § 638.

1. Criminal Law — Evidence — Admissions — Prosecution's Case.

An admission of a defendant can be admitted into evidence only as a part of the prosecution's case in chief.

2. Evidence — Rebuttal Evidence — Criminal Law — Properly Raised Issues.

Rebuttal is limited to the refutation of relevant and material evidence bearing on an issue properly raised in a case; a defendant's previous statement was improperly admitted into evidence where the prosecutor confronted the defendant with the statement on cross-examination, the defendant denied having made the statement, and the prosecutor then placed the statement in evidence to rebut the denial, thus injecting an issue which did not bear on issues properly raised by either the prosecution or the defense.

3. Appeal and Error — Criminal Law — Defendant's Statement — Waiver of Rights — Voluntariness.

A reviewing court is required to examine the entire record and to make an independent determination on the issue of the voluntariness of a defendant's waiver of Fifth Amendment rights where the defendant made a statement admitting his involvement in a crime.

4. Criminal Law — Defendant's Statement — Voluntariness — Waiver of Rights.

An express waiver of rights is not required to establish the voluntariness of a defendant's statement, which may be established by other circumstances such as the defendant initiating the questioning or volunteering the admission; mere silence, however, is not sufficient to constitute a waiver.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *H. Gail McKnight,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender (by *Dawn Van Hoek,* Research Attorney), for defendant.

Before: D. C. Riley, P.J., and M. F. Cavanagh and B. M. Hensick,* JJ.

Per Curiam. Defendant was convicted after a bench trial of breaking and entering an occupied dwelling, contrary to MCL 750.110; MSA 28.305, and appeals as of right.

At trial, two eyewitnesses testified that the defendant pried open a screen window into the complainant's apartment, removed a television, and carried it to his car. A third eyewitness, testifying for the defense, insisted that the individual who broke into the building was not the defendant. On direct examination, defendant admitted that he was present at the time the theft was alleged to have occurred, but asserted that he was helping a man move from another apartment in the same building. In the process, he did carry a television from the building and place it in his car. On cross-examination, the prosecutor confronted the defendant with a statement, taken by police after defendant's arrest, to the effect that he actually found the television set on the complainant's landing before removing it. Defendant denied this, and asserted that he did not make or sign the statement being shown to him by the prosecutor. He did admit that he had made a prior, but different, statement.

After testimony by the arresting officer concerning the taking of the two statements, the court admitted the second statement, and permitted the prosecutor to read it into the record as rebuttal evidence. In this document, defendant asserted that another person told him about the opportunity to steal the complainant's television, that after going to the apartment, he found the set

* Circuit judge, sitting on the Court of Appeals by assignment.

outside on the landing and then carried it to his car. In delivering the verdict, the trial court noted in its findings of fact the conflict in the eyewitness testimony as to the identity of the person who broke into the apartment, but emphasized that the defendant's own admission provided sufficient evidence to convict him of aiding and abetting the breaking and entering. The court concluded by finding the defendant "guilty as charged".

After examining the various issues raised by defendant on appeal, we have determined that only one merits reversal. Defendant argues that his previous statement, offered to impeach his credibility, cannot be used as substantive evidence of guilt. Defendant's contention essentially attacks the propriety of using the admission in question as rebuttal evidence. The Supreme Court in *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975), addressed a similar issue presented by a factual situation closely analogous to the facts in the instant case. There, the prosecutor first elicited from the defendant a denial of a statement made to a fellow inmate. The prosecutor then presented the testimony of the inmate to rebut this denial.

In considering the inadmissibility of this evidence on rebuttal, the *Bennett* Court noted that the statement at issue constituted an admission, which can only be admitted as part of the people's case in chief. See also *People v Meadows,* 80 Mich App 680, 687; 263 NW2d 903 (1977). The Court also commented on the purpose of rebuttal evidence and the proper circumstances under which it may be admitted:

"Rebuttal is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case.

"Such issue of course could be one raised in the

prosecutor's case in chief or one raised by way of defense, and evidence on either would be subject to rebuttal.

"But here, where the prosecutor did not offer this evidence in his case in chief, which he would have had to do if this were to be regarded as an admission * * * it did not bear on an issue raised by the people.

"Neither does it bear on an issue raised by the defense.

"The device of eliciting a denial of some statement not properly in the case at the time of denial will not serve to inject an issue.

"Both the statement and the veracity of the witness are then collateral matters and the cross-examiner is bound by the response." *People v Bennett, supra,* at 449-450.

The analysis in *Bennett* is equally applicable to the case at bar. On cross-examination, the prosecutor confronted defendant with a prior statement in which the defendant admitted he was helping someone steal the television, which had already been removed from the apartment, and which he found on the complainant's landing. The defendant denied making this statement; the prosecution then placed the statement into evidence to rebut defendant's denial. This statement, which interjected an issue of aiding and abetting a breaking and entering, did not bear on an issue raised by the prosecution in its case in chief. Until this point, the people's case had tended to prove only that the defendant perpetrated the crime himself. Neither did the statement bear on an issue raised by the defense. On direct, the defendant's testimony was limited to a denial of guilt and to revelation of the possible bias of one prosecution witness. All of the defendant's statements concerning the television set establishing the foundation

for the impeachment were thus elicited on cross-examination.

Not every error in admitting rebuttal evidence warrants reversal. *People v Meadows, supra,* at 686-687. In the instant case, however, the prosecutor employed the exact device condemned in *Bennett, supra,* to establish the basis to admit defendant's statement as rebuttal. Furthermore, the trial court based its entire finding that the defendant aided and abetted the breaking and entering on the improperly admitted statement. Consequently, we conclude that the error in the instant case was prejudicial to the defendant and reverse.

We address the issue of the voluntariness of defendant's waiver of his Fifth Amendment rights due to the likelihood that it may occur at re-trial. On appeal the reviewing court is required to examine the entire record and to make an independent determination on the ultimate issue of voluntariness. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974), *People v McClendon,* 48 Mich App 552, 555; 210 NW2d 778 (1973). Although no formal *Walker* hearing was held, sufficient facts concerning the taking of defendant's statement were adduced at trial to permit our review of the issue.

Defendant made two statements to the police. The first statement was made at 5:30 p.m., prior to defendant's being placed in custody by the police. Defendant signed a form waiver of rights appended to the statement. The defendant was subsequently placed in custody upon the information provided by an eyewitness to the crime. At 7:05 p.m., the police doorman informed the officer in charge that the defendant wished to make another statement. The officer repeated defendant's *Miranda* warnings, but the defendant did not sign

another waiver form. He then allegedly gave and signed the second statement admitting his involvement in the breaking and entering. At trial, the defendant steadfastly denied making the second statement.

Defendant relies on *People v McClendon, supra,* and argues that in light of his willingness to sign the first waiver form, his failure to sign the second constituted a refusal to waive his rights. Thus, the only evidence indicating that he voluntarily waived his rights is the fact that a statement was ultimately obtained. According to the *McClendon* opinion, this fact alone is insufficient to show a voluntary waiver.

However, a fair reading of the record reveals no evidence of an express refusal to sign a waiver form; it merely shows that the defendant did not sign. An express waiver of rights is not required to establish voluntariness; mere silence, on the other hand, is insufficient to constitute a waiver. *People v McClendon, supra,* at 557, indicates that a waiver may be shown by other circumstances, such as the defendant initiating the questioning or volunteering the admission. In the instant case, it appears that the defendant initiated the interview with the officer in charge during which the second statement was taken only one and one-half hours after giving the first statement. We consequently find that the defendant voluntarily waived his rights prior to the making of his second statement; the trial court thus would commit no error in admitting it.

Reversed.