PEOPLE v BELL

Docket No. 48493. Submitted October 7, 1980, at Detroit.—Decided
November 21, 1980.

William T. Bell was convicted of first-degree criminal sexual
conduct, Recorder's Court of Detroit, Joseph A. Gillis, J. Defen-
dant appeals, alleging error in the trial court's instructions to
the jury and in the trial court's allowing a rebuttal witness to
testify as to an allegedly inconsistent prior statement made by
the defendant. *Held:*

1. The trial court did not err by failing to instruct the jury on
lesser included offenses where there was no request for such an
instruction.

2. Intoxication is not a defense to the crimes of criminal
sexual conduct in the first or second degree, and the trial court
did not err by so instructing the jury.

3. The prior statement made by the defendant was being used
for the purpose of impeaching the defendant's testimony. This
was improper because a proper foundation was not laid. In
addition, the statement was not properly admitted as rebuttal
evidence because the defendant was not asked about the state-
ment or allowed to explain it. The error, however, was harm-
less because the statement was exculpatory rather than incul-
patory and the trial court immediately instructed the jury that
the statement was not substantive evidence and was to be used
only to evaluate the defendant's credibility.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 877.
[2] 21 Am Jur 2d, Criminal Law § 107.
  When intoxication deemed voluntary so as to constitute a defense
  to criminal charge. 73 ALR3d 195.
  Modern status of rules as to voluntary intoxication as defense to
  criminal charge. 8 ALR3d 1236.
[3] 21 Am Jur 2d, Criminal Law §§ 81, 82.
  65 Am Jur 2d, Rape § 35.
[4] 29 Am Jur 2d, Evidence § 269.
[5] 5 Am Jur 2d, Appeal and Error § 717.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

   Failure of a trial court to instruct a jury on lesser included offenses, except in first-degree murder cases, is not error in the absence of a request for such an instruction made before the jury retires to consider its verdict.

2. CRIMINAL LAW — DEFENSES — INTOXICATION.

   Intoxication is a defense only to a crime of specific intent.

3. RAPE — CRIMINAL SEXUAL CONDUCT — INTENT.

   First- or second-degree sexual conduct requires a general, not a specific, intent.

4. CRIMINAL LAW — EVIDENCE — INCONSISTENT STATEMENTS — REBUTTAL.

   The admission of a defendant's inconsistent statement by way of a rebuttal witness is proper if the statement does in fact rebut what the defendant has said and if the defendant has been asked about the statement on cross-examination.

5. APPEAL — CRIMINAL LAW — EVIDENCE — MISCARRIAGE OF JUSTICE.

   The Court of Appeals will not reverse a conviction because of the introduction of improper rebuttal evidence unless the error resulted in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

D. C. RILEY, P.J. Charged with criminal sexual conduct in the first degree, MCL 750.520b(1); MSA 28.788(2)(1), defendant was tried by a jury and found guilty as charged on October 17, 1979. On October 31, 1979, he was sentenced to 10 to 30 years in prison. He appeals as of right.

At the time of the incident in question, the eight-year-old complainant had been living with her grandmother. The complainant's mother, Brenda, lived across town with the defendant and his mother, as well as with her own brother. On the night in question, however, complainant's grandmother had sent complainant to Brenda's house to spend the night.

The testimony reveals that Brenda and the defendant had engaged in a serious drinking bout on the day in question, consuming a couple of bottles of vodka and many bottles of wine. According to the complainant, she got up on the couch to go to sleep at about 11 p.m. Brenda and the defendant were lying on the floor in front of the couch by the television set. The defendant then got up and walked over and sat down on the end of the couch. Brenda was half asleep on the floor at this time. According to complainant, defendant reached under her dress and started feeling her genital area.

Testifying on his own behalf, defendant stated that he usually slept on the floor and Brenda slept on the couch. On the night in question he was on the floor feeling "high" when he reached up and touched someone on the couch whom he expected would be Brenda. When he realized it was the complainant instead of Brenda on the couch, and when the complainant began hollering and crying, the defendant left the house and did not return until the following morning.

Defendant raises three issues on appeal, two of which concern alleged instructional errors, while the third alleges the court erred in allowing certain rebuttal testimony. We will address defendant's challenges to the jury instructions first.

Defendant first asserts that the trial court erred in failing to instruct, *sua sponte,* on attempted

criminal sexual conduct in the first and second degree, and on assault with intent to commit criminal sexual conduct in the second degree.

We reject defendant's contention that *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), requires a trial judge to instruct on the lesser included offenses of first-degree criminal sexual conduct, absent a request to so charge. *People v Green* is distinguishable, since there the court refused defense counsel's request to instruct on lesser included offenses. Since the Michigan Supreme Court's holding in *People v Henry,* 395 Mich 367, 374; 236 NW2d 489 (1975), it has been well-settled that, except solely in first-degree murder cases, failure to instruct on lesser included offenses is not error in the absence of a request to so charge before the jury retires to consider its verdict. This principle has been reaffirmed several times by this Court. See *People v Cash,* 80 Mich App 623, 628-629; 264 NW2d 78 (1978), *rev'd on other grounds,* 406 Mich 930; 277 NW2d 334 (1979), *People v Tenbrink,* 93 Mich App 326, 331; 287 NW2d 223 (1979).

Defendant's second alleged instructional error relates to the court's charge that voluntary intoxication constitutes no defense to the crimes of criminal sexual conduct in the first and second degrees.

It is axiomatic that "[i]ntoxication is a defense only to a crime of specific intent". *People v Hansma,* 84 Mich App 138, 147-148; 269 NW2d 504 (1978). As we said in *People v Kelley,* 21 Mich App 612, 618; 176 NW2d 435 (1970): "The universally accepted rule in this country is that general intent cannot be negatived by evidence that the actor was intoxicated at the time the crime was committed." Since case law, both under the old rape

statute and under the new criminal sexual conduct statute, clearly rejects the notion that first- or second-degree criminal sexual conduct requires a specific intent, defendant's contention must fail. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), *People v Fisher,* 77 Mich App 6; 257 NW2d 250 (1977), *People v Taylor,* 73 Mich App 139; 250 NW2d 570 (1977).

Defendant's final claim of error is of greater substance. He assails the judge's decision to allow a rebuttal witness to testify as to a statement which defendant had made to him that allegedly contradicted the defendant's trial testimony. His attack is essentially two-pronged: first, that the prior statement of defendant was in fact consistent with his trial testimony and, therefore, inadmissible impeachment testimony and, second, that defendant was not given an opportunity to explain or deny the statement's impeaching nature as required under the court rule.[1]

We turn first to defendant's contention that the statement was not actual rebuttal since it was not inconsistent with defendant's trial testimony. The rebuttal testimony consisted of the following statement given by defendant to the police:

"Defendant states that he did not in any way touch

---

[1] MRE 613 reads as follows:

"(a) Examining witness concerning prior statement. In examining a witness concerning a prior statement made by the witness, if written the statement must be shown to the witness and if oral, its substance and the time, place, and person to whom the statement was made must be disclosed to the witness, and on request must be shown or disclosed to opposing counsel.

"(b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon, or the interests of justice otherwise require."

complainant sexually. Defendant doesn't know any reason why complainant would make such a charge against him."

Defendant claims this statement is consistent with his assertion at trial that, while he may have touched the child, he did not touch her *sexually.* We conclude that the admitted statement could be reasonably interpreted to be inconsistent with the defendant's testimony on the stand.[2] Thus, it was a prior inconsistent statement being used for the purpose of impeaching the defendant's credibility and subject to the restrictions contained in MRE 613.

Before a prior inconsistent statement may be admitted into evidence, however, a proper foundation must be laid. *People v Williams,* 93 Mich App 236; 287 NW2d 184 (1978). Since the proper method of laying a foundation was explicitly spelled out in *Williams,* we see no need to restate it here. Having reviewed the record, however, we do conclude that a proper foundation was not laid and that the use of the statement did not constitute proper impeachment.

Despite the fact that proper procedures for impeachment were not followed, we must decide whether the statement could properly be admitted as rebuttal evidence. This Court has held that the admission of an inconsistent statement by way of a rebuttal witness is proper if the statement does in fact rebut what the defendant said, and if the defendant has been asked about the statement on cross-examination. See *People v Bean,* 89 Mich App 626; 280 NW2d 614 (1979). In the instant case, the defendant was not asked about the statement

---

[2] We note that the court, in its final charge to the jury, cautioned the jury as to the limited use of prior inconsistent statements when it read to them CJI 4:5:01.

he made to the officer, nor was he given an opportunity to explain it. This was error, as the prosecutor should not be able to do by way of rebuttal that which he could not properly do by way of impeachment.

The introduction of improper rebuttal evidence is not always reversible error, however, *People v Meadows,* 80 Mich App 680, 687; 263 NW2d 903 (1977). The proper standard to be applied in examining improper rebuttal evidence is well stated in *Meadows, supra,* but essentially, unless the error results in a miscarriage of justice, this Court will not reverse a conviction. We conclude that the improper admission of the statement in rebuttal constituted harmless error. First, the prior statement was exculpatory rather than inculpatory. This is not analogous to the situation where the court improperly admits a prior statement such as a confession or other admission of a defendant which could improperly be used as evidence by the fact finder in arriving at a guilty verdict. *People v Bean, supra,* 631. Secondly, the judge's instructions immediately following the admission of the statement clearly indicated that it was not to be used as substantive evidence, but that it was only to be considered in the evaluation of the credibility of the defendant's testimony.

Affirmed.