PEOPLE v DeLEON

Docket No. 47057. Submitted November 12, 1980, at Lansing.—Decided January 23, 1981. Leave to appeal applied for.

Juan G. DeLeon was convicted of first-degree murder, Saginaw Circuit Court, Fred J. Borchard, J. Defendant appeals, alleging several errors. *Held:*

1. While awaiting trial, the defendant had written letters to others in an attempt to induce them to support a false alibi defense. He entrusted the letters to his cellmate, who, rather than smuggling them out of jail, turned them over to the police. The defendant claims these letters should have been suppressed from evidence, as the result of an illegal search and seizure. Evidence obtained by a private individual not acting under authority of the state is properly admissible whether the individual's actions were reasonable or not. There is no indication that the cellmate's actions were encouraged by the police. Therefore, the letters were properly admitted.

2. Rebuttal testimony was properly admitted concerning the defendant's motive for shooting the victim. The defendant's motive had been properly raised in the prosecution's case in chief, and the rebuttal testimony did not result in prejudice to the defendant.

3. The prosecution cross-examined the defendant concerning his possession of a gun during a time period in which the

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 417.
   68 Am Jur 2d, Searches and Seizures §§ 13, 14.
[2] 40 Am Jur 2d, Homicide §§ 12, 440.
[3] 29 Am Jur 2d, Evidence § 340.
[4] 5 Am Jur 2d, Appeal and Error § 867.
[5] 5 Am Jur 2d, Appeal and Error § 803.
[6] 5 Am Jur 2d, Appeal and Error § 545.
[7] 4 Am Jur 2d, Appeal and Error § 518.
   81 Am Jur 2d, Witnesses § 569 *et seq.*
[8] 5 Am Jur 2d, Appeal and Error §§ 772, 884.
   81 Am Jur 2d, Witnesses § 472.
[9] 81 Am Jur 2d, Witnesses § 651.

defendant had denied having a gun. This was proper cross-examination.

4. Issues which the defendant has raised for the first time on appeal are not properly preserved for appeal.

5. The trial court properly recognized and identified its exercise of discretion in allowing the admission of evidence of certain of defendant's prior convictions.

6. The trial court did not abuse its discretion in limiting the scope of cross-examination of a witness.

7. A prior consistent statement of a prosecution witness was properly admitted where defense counsel had attempted to impeach the witness by implying that his testimony was the result of recent fabrication.

Affirmed.

1. SEARCHES AND SEIZURES — EVIDENCE — PRIVATE INDIVIDUALS.

Admission of evidence obtained by a private individual, not acting under the authority of the state, is not prohibited as the product of an illegal search and seizure, whether the actions of the individual were reasonable or not.

2. HOMICIDE — FIRST-DEGREE MURDER — MOTIVE — EVIDENCE.

Generally, proof of motive, while not essential, is relevant in a prosecution for first-degree murder and is material in proving premeditation or deliberation.

3. EVIDENCE — REBUTTAL TESTIMONY — WITNESSES — COLLATERAL MATTERS.

The use of rebuttal testimony to impeach a witness on a collateral matter is improper; however, rebuttal testimony is admissible when it is limited to the refutation of relevant and material evidence bearing on an issue properly raised in the case.

4. APPEAL — TRIAL — MISCARRIAGE OF JUSTICE.

The Court of Appeals will not reverse a conviction because of an error in the trial unless the error results in a miscarriage of justice.

5. EVIDENCE — REBUTTAL TESTIMONY — APPEAL — PREJUDICE.

The improper introduction of rebuttal testimony is not an error which is always regarded as prejudical, and will not be considered cause for reversal of a conviction where the Court of Appeals is convinced that the exclusion of such testimony would not have altered the verdict.

6. APPEAL — PRESERVING ISSUE.
   Issues raised for the first time on appeal are not properly preserved for appeal.

7. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — JUDGE'S DISCRETION — RULES OF EVIDENCE.
   A trial judge must recognize on the record that he has the discretion to exclude references to prior convictions for purposes of impeachment and, in ruling on the admissibility of such evidence, must articulate on the record the factors considered in making the determination (MRE 609).

8. APPEAL — CROSS-EXAMINATION — ABUSE OF DISCRETION.
   A trial court has a great deal of discretion in limiting cross-examination, and its decision is not subject to review unless a clear abuse of discretion is shown.

9. WITNESSES — EVIDENCE — PRIOR CONSISTENT STATEMENTS — REBUTTAL.
   A prior consistent statement of a witness may properly be admitted to rebut an implication that the witness's testimony was the result of recent fabrication.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Jeffrey C. Wilson,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. On May 18, 1979, defendant DeLeon was convicted in Saginaw County Circuit Court by a jury of first-degree murder in violation of MCL 750.316; MSA 28.548. Defendant appeals as of right.

While in jail awaiting trial, defendant wrote letters to his girlfriend and family in an attempt to induce them to support a false alibi defense.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant entrusted the letters to his cellmate to be smuggled out of jail. Instead, defendant's cellmate gave the letters to the police detective investigating defendant's case. Defendant's motion to suppress these letters from evidence was denied by the trial court. Defendant claims the letters should have been suppressed as they were the result of an illegal search and seizure. However, it has been held that:

"Admission of evidence obtained by a private individual, not acting under the authority of the state, is not prohibited by the US Const, Am IV, whether his actions were reasonable or not. *People v Harry James Smith,* 31 Mich App 366, 373-374; 188 NW2d 16 (1971)." *People v Langley,* 63 Mich App 339, 344; 234 NW2d 513 (1975).

In the present case, there is no contention or evidence that the police encouraged or authorized the actions of defendant's cellmate. The cellmate acted on his own initiative and not under "color of law". Thus, no error occurred with the admission of these letters into evidence. *People v Holloway,* 82 Mich App 629; 267 NW2d 454 (1978).

Defendant next contends that improper rebuttal testimony mandates reversal of his conviction. We are unpersuaded. The prosecution's theory of the case was that defendant was a "hit man" or hired killer, and that defendant's motive for the killing was the money he received. As a general proposition, proof of motive, while not essential, is relevant in a prosecution for first-degree murder. *People v David Wells,* 102 Mich App 102; 302 NW2d 196 (1980), *People v Mihalko,* 306 Mich 356, 361; 10 NW2d 914 (1943). Evidence of motive is also material in proving premeditation or deliberation. *Wells, supra.* During the prosecution's case in chief, defendant's cellmate testified that defendant had stated

that he was a "hit man", and that he had been paid $10,000 to kill the victim. Later during trial, the prosecution again attempted to establish defendant's motive for killing the victim when a defense witness was cross-examined concerning a prior incident during which, the prosecution contended, the witness told the defendant to shoot another man because "that's what we pay you for". No objection was raised. The witness denied making such a statement. Defendant then testified at trial that he was not a "hit man", that he did not shoot the victim, and that he did not have a gun at the time of the shooting.

Defendant was also cross-examined concerning the prior incident and the alleged statement. Defendant denied such a statement was ever made. After the defense rested, the prosecution called a rebuttal witness to testify that he heard the defense witness tell the defendant to shoot him, "that's what we're paying you for". Defendant objected to the admission of this rebuttal testimony. It is true that rebuttal testimony which is used to impeach on a collateral matter is improper in Michigan. *People v McGillen #1,* 392 Mich 251, 266-267; 220 NW2d 677 (1974), *People v Lauzon,* 84 Mich App 201, 205; 269 NW2d 524 (1978). However, rebuttal is admissible when limited to the refutation of relevant and material evidence bearing on an issue properly raised in the case. *People v Bean,* 89 Mich App 626, 629; 280 NW2d 614 (1979), *People v Bennett,* 393 Mich 445, 449-450; 224 NW2d 840 (1975). In the present case, the rebuttal testimony concerned an issue properly raised in the prosecution's case in chief, *i.e.,* the defendant's motive for shooting the victim. Therefore, no error occurred with the admission of the rebuttal testimony.

Even if defendant had been correct in asserting that the admission of the rebuttal testimony was error, not every error in admitting rebuttal evidence warrants reversal. *Bean, supra, People v Meadows,* 80 Mich App 680; 263 NW2d 903 (1977). This Court will not reverse a conviction because of a trial error unless the error results in a miscarriage of justice. MCL 769.26; MSA 28.1096. Applying the two-pronged "harmless error" test, *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972), *People v Swan,* 56 Mich App 22; 223 NW2d 346 (1974), we find no reversible error. First, the improper introduction of rebuttal evidence is not an error which is always regarded as prejudicial. *Meadows, supra,* 687, *People v Rose,* 268 Mich 529; 256 NW 536 (1934). Second, this Court is convinced that the exclusion of the rebuttal testimony would not have altered the verdict. Not only was the evidence of defendant's guilt overwhelming, but the scope of the rebuttal testimony had already been brought forth in earlier, unobjected to, cross-examination of a defense witness and the defendant himself.

Defendant next claims that improper cross-examination bearing no relationship to defendant's credibility mandates reversal. Defendant's argument has no support in the lower court record. Review of the trial transcript reveals that defendant testified that he did not have a gun during October, November or December. The prosecution then cross-examined defendant concerning two incidents occurring in October in which he was seen with a gun. The prosecution did not intimate that defendant had been either arrested or convicted in either incident. These questions were proper impeachment and were directly related to defendant's credibility.

Defendant raises a claim of improper innuendo based upon a question asked by the prosecutor at trial. However, no objection was raised at trial and this issue will not now be reviewed for the first time on appeal. *Walls v Director of Institutional Services,* 84 Mich App 355; 269 NW2d 599 (1978), *Oakland County v Detroit,* 81 Mich App 308; 265 NW2d 130 (1978). Similarly, defendant now objects for the first time to the lack of an opportunity to explain certain inconsistencies contained in prior statements made by defendant and introduced at trial for impeachment purposes. Again, this issue has not been preserved for appeal. *Walls, supra, Oakland County, supra.* Parenthetically, it should be noted that defendant had ample opportunity to explain these inconsistencies on redirect examination but failed to do so.

Next, defendant argues that the trial court erred in failing positively to indicate and identify ·its exercise of discretion in allowing defendant to be impeached with evidence of his prior convictions. At the time of defendant's trial, MRE 609 permitted the use of prior convictions for impeachment purposes only if:

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect."

The standard for use of prior convictions has also been explained in Michigan case law. *People v West,* 408 Mich 332, 340; 291 NW2d 48 (1980), states:

"The law in Michigan is clear that the trial judge must recognize that he has the discretion to exclude reference to prior convictions for impeachment purposes. When defendant moves to exclude reference to the convictions, the trial court 'must positively indicate and identify its exercise of discretion'." (Citations omitted.) See also *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), and *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978).

*People v Love,* 91 Mich App 495, 500; 283 NW2d 781 (1979), held that, when a trial judge recognizes on the record his discretion as to the admissibility of prior convictions,

"[i]n the absence of affirmative misapplication of the *Crawford* criteria, we conclude that the evidence was properly admitted for impeachment purposes."

The trial court, in the present case, did conform to the dictates of Michigan case law and MRE 609. The prosecution moved to be allowed to use all four of defendant's prior convictions, none of which were for the crime for which defendant was on trial, for impeachment purposes. After discussion between the trial court and both trial counsel on the motion, the trial court positively indicated and identified its exercise of discretion stating: "The Court in its discretion is going to allow all [prior convictions] except the joyriding [conviction]". Therefore, no error occurred.

Trial courts should now be cognizant of the recent amendment to MRE 609 which became effective May 14, 1980 (long after defendant's trial had been completed). MRE 609 now requires that:

"(2) The court determines that the probative value of

admitting this evidence on the issue of credibility outweighs its prejudicial effect and *articulates on the record the factors considered in making the determination.*" (Emphasis added.)

Defendant alleges error in that defense counsel's cross-examination of a Mr. Ivory Ridley was unduly restricted. The Michigan Supreme Court has stated on numerous occasions that a trial judge has a great deal of discretion in limiting cross-examination. Such discretion is not subject to review unless a clear abuse of discretion is shown. *People v Taylor,* 386 Mich 204, 208; 191 NW2d 310 (1971), *Scholnick v Bloomfield Hills,* 350 Mich 187, 195; 86 NW2d 324 (1957), and *People v Kruper,* 340 Mich 114, 123; 64 NW2d 629 (1954). No such clear abuse of discretion has been demonstrated in this case.

Defendant's last claim of error is also without merit. The trial court did not abuse its discretion in allowing into evidence a prior consistent statement made by prosecution witness Garcia. Counsel for the defendant attempted to impeach witness Garcia's testimony on cross-examination in closing argument by implying that recent fabrication had occurred. The prosecution was properly allowed to rebut this implication with a prior consistent statement which was made by witness Garcia. *People v Harris,* 86 Mich App 301, 305; 272 NW2d 635 (1978), *Brown v Pointer,* 390 Mich 346, 351-352; 212 NW2d 201 (1973).

Thus, defendant's claims of error, singularly and/or cumulatively, do not require reversal.

Affirmed.